[Crim. No. 749.   Department Two. — September 11, 1901.]

## THE PEOPLE, Respondent, v. EDWARD RODRIGUEZ, Appellant.

CRIMINAL LAW — EVIDENCE — CROSS-EXAMINATION OF DEFENDANT — RESIDENCE — COLLATERAL QUESTIONS — IMPEACHMENT — PREJUDICIAL ERROR. — Where a defendant, accused of crime, testified only as to his present residence out of the county of the venue, he cannot be properly cross-examined as to his residence in the county at a time long prior to the date of the offense charged ; and his answers to collateral and irrelevant questions about such prior residence are conclusive, and cannot be contradicted for the purpose of impeachment. The admission of the testimony of the sheriff in contradiction of the defendant, that he was at such prior date in the county, at the county jail, was prejudicially erroneous, and the error was not cured by striking out the allusion to the county jail.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial.   Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

John H. Leonard, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

McFARLAND, J. — The defendant was convicted of the crime of burglary in the second degree.   The alleged offense

consisted in breaking into a shop and stealing a violin. Defendant appeals from the judgment and from an order denying his motion for a new trial.

There was evidence properly admitted, which tended to show appellant's guilt; but we cannot know whether or not the jury would have convicted him without evidence which was improperly admitted as hereinafter noticed.

If the crime was committed at all, it occurred, as averred in the information, on or about the fifteenth day of July, 1900. The trial took place September 4, 1900. The appellant was a witness for himself, and he began his testimony as follows: "My name is Ed Rodriguez; I live in Watsonville." He said nothing more about his residence. On cross-examination, he was asked these questions: "Where were you living last October?" "Now, Mr. Rodriguez, remember you are under oath, where did you stay last October?" "During the months of September, October, and November, where did you live?" "Don't you know, as a matter of fact, that during those months I have mentioned you were here in Santa Cruz?" Other questions of a similar character were asked about his residence during those months,—which were about a year prior to the time of the trial, and about nine months prior to the time of the alleged commission of the crime,—and the questions were all allowed over appellant's objection that they were "irrelevant, immaterial, incompetent, not cross-examination." Appellant's answers to these questions were of a negative character; he said that he lived during those months at a place other than Santa Cruz. In rebuttal, the prosecution called the sheriff of the county and asked him if he knew where the appellant resided during the months of 1899 above mentioned, and over the objections of appellant to the question, he gave testimony as follows: "A. I know where he was from the 21st of September to the 10th of December. Q. That includes the months I have spoken of?—A. Yes, sir." After another objection, ruling, and exception, the witness answered further, as follows: "A. He was in the county jail. Q. Where? —A. In Santa Cruz." Counsel for appellant moved to strike out the answers, and the court said, "The county jail part will be stricken out."

It is beyond doubt that the allowance of the testimony above stated was erroneous. The questions asked on the cross-examination of appellant were not in relation to any testi-

mony given on his direct examination, and they would have been inadmissible if he had been an ordinary witness, without considering any protection given to a defendant when a witness for himself, by section 1323 of the Penal Code. The only testimony given by appellant on the subject of residence was as to his residence at the time he was testifying, and there is no pretense that the questions asked on cross-examination were for the purpose of disproving his testimony as to his present residence. If nothing further had occurred on the subject, it possibly might have been held that appellant had not been prejudiced by the allowance of these improper questions; but when the prosecution, after having been allowed to introduce this irrelevant and collateral matter, was also allowed to introduce a witness to contradict what appellant had said on the subject, a different question is presented. "A witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it, thereby to discredit his testimony. And if a question is put to a witness, which is collateral and irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but is conclusive against him." (*People* v. *McKeller*, 53 Cal. 65; 1 Greenleaf on Evidence, sec. 449.) The testimony of the sheriff contradicting the appellant on the collateral and irrelevant matter was therefore clearly inadmissible, and it would be idle to say that it could not have been prejudicial to appellant. In the first place, it tended to "discredit his testimony," and in the second place, it tended to prove the commission of another and independent crime, which, of course, was entirely unwarranted. Something is said in respondent's brief about the statement of the sheriff that appellant was in the county jail being " voluntary "; but his examination by the people leads strongly to the conclusion that the statement in question was the anticipated and intended ultimate aim and outcome of his whole testimony. The remark of the court that "the county jail part will be stricken out" did not remedy the evil; it could not be stricken out of the minds of the jury.

For the foregoing reasons the judgment and order appealed from are reversed and the cause is remanded for a new trial.

Temple, J., and Henshaw, J., concurred.