[Crim. No. 816.   Third Appellate District.—October 10, 1924.]

## THE PEOPLE, Respondent, v. A. G. HALISTIK, Appellant.

[1] CRIMINAL LAW — LEWD AND LASCIVIOUS CONDUCT — EVIDENCE — VERDICT—APPEAL.—In this prosecution for the crime of lewd and lascivious conduct with a female child of the age of ten years, predicated upon the acts of defendant committed while said child and another, who were on their way home from school, were riding in defendant's automobile at his invitation, the testimony of said children was amply sufficient to sustain the verdict of conviction; and any conflict between their testimony and that of defendant was for the determination of the jury, and not that of the appellate court on appeal from the judgment of conviction.

[2] ID.—PLEADING—EVIDENCE—VARIANCE.—In such a prosecution, it is not necessary to plead or prove that the defendant placed his hand upon the bare flesh of the girl's body; and, therefore, there is no variance between the information, which alleges in appropriate language that the defendant placed his hand upon the "clothes and upon the privates of" the prosecuting witness, and the proof,

---

1.  See 8 R. C. L. 347; 16 Cal. Jur. 5.
2.  See 16 Cal. Jur. 7.

which shows that the defendant did not place his hand under the clothing of the girl.

[3] ID.—ACTS CONSTITUTING CRIME—INSTRUCTIONS.—In such a prosecution, the trial court having instructed the jury, at defendant's request, that "the mere placing of his hand, by the defendant, upon the leg of the complaining witness, and over her clothes, is not of itself a crime under the statute; and unless you find from the evidence that the defendant did willfully and lewdly commit some lewd or lascivious act . . . upon or with the body or any part or member thereof of a child under the age of fourteen years with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires of such person or such child, then you should find the defendant not guilty," the trial court does not commit error in refusing a further requested instruction which leaves out of consideration the element of intent, and which is to the effect that a mere licentious act is not of itself a crime under the section of the code upon which the defendant is charged, and that the defendant cannot be convicted if the jury finds that he did nothing more than place his hands upon the leg of the complaining witness, even though he may have done this more than once.

[4] ID.—SPECIAL VERDICT—DISCRETION—EVIDENCE—INSTRUCTIONS. In this prosecution for the crime of lewd and lascivious conduct with a female child of the age of ten years, in view of the fact that, under the full and clear instructions given by the court, the jury could not well have been "in doubt as to the legal effect of the facts proved," and hence the probability that a special verdict would have been rendered, if the jury had been instructed as to their discretion in the matter, having been very remote, and the further fact that defendant did not propose any instructions stating the conditions upon which a special verdict is authorized or the discretion of the jury relative thereto, it was not reversible error to refuse to give the jury a special form of verdict proposed by defendant and which consisted of eleven questions to be answered by the jury.

(1) 31 C. J., p. 1000, sec. 22.    (2) 31 C. J., p. 999, sec. 22 (Anno.).
(3) 31 C. J., p. 998, sec. 22.    (4) 16 C. J., p. 1053, sec. 2494 (Anno.);
17 C. J., p. 349, sec. 3706; 31 C. J., p. 998, sec. 22.

APPEAL from a judgment of the Superior Court of Sacramento County. John F. Pullen, Judge. Affirmed.

The facts are stated in the opinion of the court.

4.  See 8 Cal. Jur. 409.

Peter J. Wilkie for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of lewd and lascivious conduct with a female child of the age of ten years. This appeal is from the judgment and the order denying defendant's motion for a new trial.

[1] Appellant contends that the evidence is insufficient to justify the verdict. In this opinion the girl upon whose body it is alleged the unlawful acts were committed will be designated as "F" and the principal corroborating witness as "E." Just prior to the alleged offense both girls were walking along the road on their way home from school, F being some distance ahead of E. The defendant, who was traveling alone in an automobile in the same direction the girls were going, on overtaking E, who was then eleven years of age, invited her to ride with him and she got into the front seat with him. When they overtook F, E invited her to ride in the automobile. F took the back seat and the three proceeded along the road until they reached a point opposite E's home, when she alighted and walked home. The defendant and F continued to a point on the road nearest the latter's home, about a quarter of a mile from E's home, when she also got out and walked home. E testified that the defendant grabbed her leg and pinched it shortly after F entered the automobile; that after she left the automobile F got into the front seat and that the defendant then put his hand between F's legs at the lower part of the abdomen; that on the following day, as E was walking home from school, another person being with her at the moment, the defendant passed her in his automobile without stopping, but stopped at a bridge farther ahead on the road; that when she saw the defendant at the bridge she "didn't want to go that way" because she had seen "what he did to" F and, in her own language, "so I went to the creek, and he started after me. He started after me and he said to stop a minute, he wanted to tell me something, but I started to run, and he run after me. . . . Well, he didn't run, he just trotted after me . . . just a little ways," and then stopped. F testified

that immediately after she took the front seat the defendant said, "Let me see how fat you are," and put his hand between her legs at the lower part of the abdomen "and he shook like that" (indicating shaking motion with hand) while he had hold of her between the legs; that he repeated the same acts farther along the road; and that when she got out he gave her a piece of candy and said, "I will see you again to-morrow." The defendant did not place his hand under the clothing of either girl. He denied the acts charged in the information, but admitted having placed his hand on E's leg, stating that he meant nothing improper by it. The defendant, who is forty-one years of age, had never seen either girl prior to the day he took them in his automobile. The foregoing evidence is amply sufficient to warrant the verdict. The conflict therein was for the determination of the jury and not for that of this court.

[2] It is urged that there is a fatal variance between the allegations of the information and the proof. The information alleges in appropriate language that the defendant placed his hand upon the "clothes and upon the privates of" the prosecuting witness. It would be unreasonable to hold that the act charged could be committed only by placing the hand upon the bare flesh of the girl's body, and in the absence of such a holding there is no variance between the charge and the proof.

[3] Complaint is made of the court's refusal to instruct the jury that "a mere licentious act is not of itself a crime under the section of the Penal Code, upon which the defendant is charged; and if you find from the evidence, and from the testimony of the witnesses, that the defendant in this case did nothing more than place his hand upon the leg of the complaining witness, even though he may have done this more than once, you cannot convict the defendant." At defendant's request the court instructed the jury that "the mere placing of his hand, by the defendant, upon the leg of the complaining witness, and over her clothes, is not of itself a crime under the statute; and unless you find from the evidence that the defendant did willfully and lewdly commit some lewd or lascivious act . . . upon or with the body or any part or member thereof of a child under the age of fourteen years with the intent of arousing, appealing to

or gratifying the lust or passions of sexual desires of such person or such child, then you should find the defendant not guilty.'' The instruction given is certainly as favorable to defendant as he could reasonably ask. The last proposition stated in the proposed instruction is erroneous because it leaves out of consideration the element of intent. The acts therein stated may or may not constitute the crime denounced by the statute, depending upon the character of the acts and the intent with which they are done.

[4] After the court had finished instructing the jury and had given them the forms of verdicts which they were authorized to return, counsel for defendant addressed the court as follows: ''At this time we would ask that this special form of verdict be given to the jury, which I hand to the court.'' The form of verdict so proposed consisted of eleven questions to be answered by the jury. The defendant did not propose any instruction stating the conditions upon which a special verdict is authorized or the discretion of the jury relative thereto. Section 1150 of the Penal Code reads as follows: ''The jury may render a general verdict, or, when they are in doubt as to the legal effect of the facts proved, they may, except upon a trial for libel, find a special verdict.''

In *People* v. *Antonio*, 27 Cal. 404, 408, it is said: ''Section four hundred and seventeen of the Criminal Practice Act provides that the jury may render a general or special verdict, except on an indictment for libel, in which case it shall be general. It would have been improper for the court to have directed them to render a special verdict, as asked for by the defendant; but the court, upon the request of either party, should direct them that they have the discretion as to rendering a general or special verdict, in accordance with the provisions of that section.'' As stated, no such instruction was requested in the instant case. Under the full and clear instructions given by the court, the jury could not well have been ''in doubt as to the legal effect of the facts proved,'' and hence the probability that a special verdict would have been rendered, if the jury had been instructed as to their discretion in the matter, is very remote. The following instruction, given at defendant's request, could have left little doubt in the mind of any juryman as to the legal effect of any facts found from the evidence:

"The court instructs the jury that there are three elements comprising the offense of lewd and lascivious conduct with which the defendant is here charged, and in order to convict the defendant of the charge which has here been brought against him, each element of the offense must be proven to a moral certainty and beyond all reasonable doubt.

"The first element constituting the offense is a lewd or lascivious act; that is to say, an act which is lustful, immoral, seductive and degrading.

"The second element constituting the offense is the committing of such act as I have referred to with, or upon the body, or any part or member thereof, of a child under fourteen years of age, and

"The third element constituting the offense is the intent; the act or acts referred to must not only have been committed in the manner already described to you, but such act, or acts, must have been committed with the intent of arousing, appealing to, or gratifying the lust, or passions, or sexual desires of such persons or child; and,

"If the evidence adduced at the trial of this case is such that it fails to convince your minds beyond all reasonable doubt that every material element of the offense has been so proven, then you should acquit the defendant."

The judgment and the order are affirmed.

Hart, J., and Plummer, J., concurred.