[Crim.   No.   1438.   First   Appellate   District,   Division   Two.—
March 29, 1928.]

THE PEOPLE, Respondent, v. JOSEPH CHIAPPELONE,
Appellant.

Ernest Spagnoli for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with having committed the crime of rape "on or about the 25th day of October, 1926," on the person of a little girl of the age of eleven. The defendant appeared and pleaded not guilty. The trial was had in the lower court before the court sitting with a jury. The jury returned a verdict which was against the defendant. He made a motion for a new trial. The motion was denied. From the judgment entered on the verdict and from the order denying his motion for a new trial the defendant has appealed.

Some evidence was admitted tending to prove that in July, 1927, the prosecutrix made a complaint to one of the police officers, Mrs. Sullivan, regarding the alleged assault of the defendant. He asserts the complaint was made at a date which was too remote and that the evidence was not admissible. (*People* v. *Lambert*, 120 Cal. 170, 174 [52 Pac. 307].) When the prosecutrix was on the stand and at a time when she had told what the defendant had done she was asked: "Q. Did you tell Mrs. Sullivan about what you were telling us here now? A. Yes I did." She was then asked four other questions which she answered, fixing the time of her complaint made to Mrs. Sullivan. Then the attorney for the defense interposed an objection that the complaint was not a fresh complaint and her statements to Mrs. Sullivan were hearsay. The objection was overruled. At the time the defendant interposed his objection the question regarding statements made by the witness had been asked and answered, four other questions as

to dates had been asked and answered, and there was no question unanswered on the subject matter of the objection. After the court ruled there was no motion to strike out and the record was so left. The question as propounded did not fix a date. Under these circumstances, when it transpired that the complaint was stale, it was useless at that time to interpose an objection, but the proper attack was a motion to strike out. In the absence of that motion the defendant had made no record on which he could predicate error. (*People* v. *Lawrence*, 143 Cal. 148, 156 [68 L. R. A. 193, 76 Pac. 893].) The rule is the same in civil and criminal cases. (*Short* v. *Frink*, 151 Cal. 83, 87 [90 Pac. 200].) Moreover, an examination of the record discloses a set of facts from which we can say that the admission of the evidence, if error, was harmless in this particular case. The verdict rested on a foundation stronger and firmer than the squib of hearsay.

While the same witness was on the stand and under cross-examination, she stated in reply to questions propounded by the defense certain conduct she observed on the part of the defendant toward Evelyn Re, the cousin of the witness. Later the defense attempted to disprove those collateral statements by the testimony of the defendant when a witness in his own behalf. To those questions the prosecution interposed objections that they were addressed to collateral matters. The objections were sustained. The trial court did not err in sustaining the objections.

The prosecution addressed its proof to an occasion on the Saturday before Hallowe'en, 1926, at a spot in Golden Gate Park out near the beach. After having done so it introduced proof to the effect that other acts had been committed on other Saturdays. The prosecutrix designated each of the three or four Saturdays immediately preceding. The defendant asserts that the prosecution committed error in not electing on which act it based its charge. The point is not well taken. At no time did the defense call upon the prosecution to make an election and at no time did the trial court rule or have a chance to rule on the contention now made. An examination of the whole record discloses that the prosecution introduced specific proof as to the act above mentioned; but, after having done so, the proof of the other

acts was introduced in general terms and was not embodied in any certain question and answer. However, on cross-examination it was made to appear that similar acts occurred on each of the three Saturdays immediately preceding October 23, 1926. It is quite clear, therefore, that the defense was not misled as to the particular act for which he was being tried. There was no error. (*People* v. *Scott*, 24 Cal. App. 440, 445, 446 [141 Pac. 945].)

Finally, it is claimed that the verdict was void. When the alleged offense is committed on a girl under the age of eighteen years "the jury shall recommend by their verdict whether the punishment shall be by imprisonment in the county jail or in the state prison." (Pen. Code, sec. 264.) The form of verdict actually returned was: "We, the jury in the above entitled cause find the defendant Joseph Chiappelone guilty of the crime of felony, to-wit, rape, as charged in the information, and hereby determine his punishment as imprisonment in the state prison." It used the word *determine* instead of the word *recommend*. The variance is harmless. In many equity cases a jury is called and allowed to bring in a verdict. Every verdict is a *determination* of the facts whether that word is used or merely implied. However, it is settled law that in an equity case the verdict of a jury is a mere recommendation to the court and that the court may accept or reject the recommendation. For the purposes of this case we will assume that Penal Code, section 264, *supra*, states the same rule as applicable to verdicts in this class of cases. Of course the rule of law is addressed to the court. It must be presumed that the court followed the law even though the jury erred in selecting its words. The record does not show to the contrary. Moreover, the jury returned its verdict into open court. The verdict was read. The jury was polled. No objection was made to the form of the verdict. So far as the record discloses the point was never made in the trial court. It is too late to make it at this time. (*Johnson* v. *Visher*, 96 Cal. 310, 314 [31 Pac. 106]; *People* v. *Cornell*, 29 Cal. App. 430, 440–444 [55 Pac. 1026], and cases there cited; *Reed Orchard Co.* v. *Superior Court*, 19 Cal. App. 648, 664 [128 Pac. 9].)

We find no error in the record. The judgment and order are affirmed.

Nourse, J., and Burroughs, P. J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 25, 1928.