[Crim. No. 1488. Third Appellate District.—July 27, 1936.]

THE PEOPLE, Respondent, v. ERNEST SPILLARD, Appellant.

McAllister & Johnson and O. F. Meldon for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant was convicted of violating section 288 of the Penal Code.

The motion for a new trial was denied, and appellant was committed to the state prison for the term prescribed by law. From the order denying the motion for a new trial and from the judgment of conviction defendant prosecuted this appeal.

Briefly the facts are that on a Saturday afternoon, either June 15, or June 22, 1935, the complaining witness, a little

girl of about ten years of age, with four companions, two girls and two boys, ranging in ages from seven to thirteen years, went to a moving picture theater in Sacramento. They seated themselves in the last tier of seats in the balcony. Shortly after they arrived, according to the testimony of the complaining witness, the defendant, who sometimes acted as a watchman and peace officer for the theater, came into the balcony and seated himself upon the steps in the aisle immediately in front of and below the complaining witness, and there committed the acts charged in the information.

The only witnesses for the prosecution were the complaining witness and one of the boys in the party. The appellant was known to the children, and both of the witnesses for the prosecution testified as to his presence at the theater at the time in question.

Owing to the fact no complaint was made until approximately two months after the commission of the alleged acts the witnesses are rather vague and uncertain as to the exact date, but it seems to have been quite clearly established that the acts, if committed, occurred on Saturday, June 15th, some time after the hour of 1 o'clock. The complaining witness testified she left the theater before the film was completed and met her companions outside in the lobby. When asked by the boy who was called as a rebuttal witness, why she went out, she replied, "Mr. Spillard was bothering me." In some way, not entirely clear in the record, an uncle of the complaining witness heard of the alleged misconduct on the part of Spillard and questioned the girl. She admitted the fact and then told her grandmother and grandfather with whom she was living at the time.

The defense of appellant was that of an alibi. He called two witnesses to establish that on the day and at the time alleged by the complaining witness he was in the theater, he was working on a PWA project. He also called several of his neighbors who testified he was a man of good repute in the community in which he lived.

The appellant contends the evidence adduced by the prosecution was unworthy of belief and that the trial court erred in the admission of certain evidence and in the giving of certain cautionary instructions concerning the defense of an alibi.

■ It is argued at considerable length that it would have been a physical impossibility for appellant to have placed his hand upon the complaining witness if they occupied the respective positions the girl testified they did. In view of the evidence before us, we must accept the fact as found. The jury who heard the evidence, saw the diagrams and observed the witness explain what was done and illustrate the manner she alleged it to have been done, did not consider it a physical impossibility, and held the statements of the witness to be true. We are therefore bound by their conclusions unless the story is inherently improbable, and we do not find it to be so.

■ With reference to the defense of alibi we are also bound by the findings of the jury. An alibi is not a separate or affirmative defense but merely negatives the proposition required to be proven by the prosecution, that is, that the defendant was personally present at the place when the offense was committed. This is clearly expressed in *People* v. *Foster*, 198 Cal. 112 [243 Pac. 667], where it is said:

"The law is well settled that while an alibi is not a separate or affirmative defense, the jury is not restricted or limited in its consideration of the case to the alibi defense alone, but has to consider that question in connection with all other evidence in the case. It is true that the alibi evidence may be so persuasive as to raise a reasonable doubt as to the guilt of the defendant as against all the other evidence produced against him, but it is the duty of the jury nevertheless to consider all the evidence offered in the case and it should be so instructed."

The introduction by the defense of the alibi merely operated to produce a conflict in the evidence on that point, and this court will not disturb the finding of the jury. In *People* v. *Murieta*, 1 Cal. App. (2d) 727 [37 Pac. (2d) 158], the court, in passing upon a similar situation, said:

"But the law appears to be well established that such a situation presents a problem that is to be solved primarily by the trial jury which solution, in case of a conviction of the defendant, the trial judge, unless he grant a new trial, must impliedly approve and affirm. In such circumstances, however firmly convinced an appellate court may be of the honesty, integrity and the truthfulness of the several witnesses by whose testimony the defendant has unsuccessfully

attempted to establish his 'alibi', such tribunal is powerless to overthrow an adverse verdict and an ensuing judgment. Abstractly and concretely, the cases are legion which so decide.'' ·

 It is claimed also the court erred in permitting certain questions on cross-examination to be asked of a character witness for the defense. The witness had testified that appellant's reputation for morality in the community in which he lived was good. He was then asked on cross-examination: ''Did you ever see, out in Fruitridge District— did you ever hear anybody mention out in Fruitridge District or the Pacific District that defendant Spillard had certain immoral actions with . . . ?'' The question was entirely proper. It is legitimate cross-examination of a character witness to ask whether he has ever heard of the person whose reputation is the subject of investigation, having been accused of committing acts inconsistent with the character which has been attributed by the witness to him. (*People* v. *Steele,* 100 Cal. App. 639 [280 Pac. 999].)

 The last point urged by appellant is that the court committed prejudicial error in giving the following instruction on the defense of alibi:

''The effect of an alibi when established, is like that of any other conclusive fact presented in a case. Showing as it does, that the party asserting it could not have been present at the time of the commission of the crime alleged in the indictment, and therefore did not participate in it, is, when credited, a defense of the most conclusive and satisfactory character.

''The fact, however, which experience has shown, that an alibi as a defense is capable of being and has been occasionally successfully fabricated; that even when wholly false, its detection may be a matter of very great difficulty; and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance; these are considerations attendant upon this defense which call for some special suggestions upon the part of the court.

''These are, that while you are not to hesitate at giving this as a defense full weight, that conclusive effect to which, when established, it is justly entitled, either as entirely satisfying you of the innocence of the defendant or as creating the reasonable doubt which entitled the defendant to an ac-

quittal,—still, you are to scrutinize the testimony offered in the support of an alibi with care, that you may be satisfied that a fabricated defense is not being imposed upon you.''

Such instruction is not to be approved and has frequently been criticized by reviewing courts. In *People* v. *Hammer,* 75 Cal. App. 345 [240 Pac. 56], a very similar instruction was given, even stronger than the one here under review. The court held that the trial court erred in giving the questioned instruction to the jury, and that such instruction should never be given, but held it did not require a reversal of the judgment where an examination of the entire cause, including the evidence, did not disclose that the giving of such erroneous instruction resulted in a miscarriage of justice. To the same effect, in the case of *People* v. *De Angelo,* 122 Cal. App. 360 [9 Pac. (2d) 850], the court said:

''The court gave a cautionary instruction on the defense of alibi which has been given by many trial judges and generally criticized by appellate courts in this state. It is not necessary to review the numerous decisions in which it has been held that this instruction should not be given but which have refused to reverse the judgments of conviction where the instructions taken as a whole were fair and correct. The trial court in the instant case gave a proper instruction on the defense of alibi to the effect that it need only raise a reasonable doubt of the guilt of appellant in the minds of the jurors. It also repeatedly instructed the jury on the questions of burden of proof and reasonable doubt. These instructions bring the case without the rule in the case of *People* v. *Garrett,* 93 Cal. App. 77 [268 Pac. 1071], and within the rule of the cases cited in 8 Cal. Jur. 377, and in the two supplements to this volume. Under the circumstances of the instant case we do not believe that the giving of this cautionary instruction requires us to reverse the judgment. Similar instructions might better be omitted by trial judges in the future.''

In the instant case, like the case last cited, the jury was instructed to the effect that the evidence as to the presence of the appellant need only raise a reasonable doubt. The court also correctly instructed the jury upon the questions of burden of proof and reasonable doubt, not only generally but also specifically. We likewise hold that the giving of

this questioned instruction, although erroneous, and should be omitted, did not under the existing circumstances, constitute prejudicial misconduct.

It is true, as urged by appellant, that the principal facts in the case against appellant were testified to only by the complaining witness, a child of ten years. The law does not, however, require corroboration of the complaining witness. There was nothing inherently improbable in her testimony, and the jury who heard her story decided the issue in the affirmative. Thereafter a motion for a new trial was submitted to a trial judge of wide experience and understanding, who also had the opportunity of hearing the witnesses, observing their manner on the witness stand, and he denied such motion.

There is nothing before us to justify this court in assuming a view contrary to that of the jury and the trial judge.

The order denying the motion for a new trial and the judgment of conviction are therefore affirmed.

Plummer, J., and Thompson, J., concurred.