[Crim. No. 1771.   Third Dist.—July 3, 1941.]

THE  PEOPLE,  Respondent,  v.  WILLIAM  THEODORE
SLAUGHTER, Appellant.

Francis H. Frisch for Appellant.

Earl Warren, Attorney General, and J. Q. Brown, Deputy Attorney General, for Respondent.

PULLEN, P. J.—Appellant was charged, under section 288 of the Penal Code, with three specific acts of lewd and lascivious conduct with a minor child.   He was found guilty on all three counts, and from the judgment of conviction prosecutes this appeal.

The first count urged for reversal is the refusal of the trial court to grant the motion of defendant for an advisory or directed verdict upon the ground that the complaining witness was an accomplice, and that there was no evidence tending to connect the defendant with the crime charged, as required by section 1111 of the Penal Code.

The argument of appellant seems to be that because the youth admitted on his cross-examination that he knew it was not right to permit the acts complained of, that therefore he

became an accomplice. The boy was under the age of fourteen, being only eleven at the time of the trial. In declaring who are not capable of committing crimes, section 26, subdivision 1, of the Penal Code includes "children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness."

The contention of appellant is based upon an erroneous conception of the law. The victim of this type of crime under the facts here need not be corroborated. In *People* v. *Hulbart*, 55 Cal. App. 112 [202 Pac. 939], the court said:

"Appellant contends that, regardless of the boy's age, the evidence shows him to be an accomplice because of his intelligence, education, and understanding of moral questions. . . . Without a doubt, the testimony of an accomplice is required to be corroborated in order to sustain a conviction. Section 1111 of the Penal Code expressly so provides. But, by an amendment of that section in 1915 (Stats. 1915, p. 760), we now have a legislative definition of an accomplice as 'one who is liable to prosecution for the identical offense charged against the defendant on trial in the case in which the testimony of the accomplice is given.' The gist of the offense defined by section 288 is that the acts shall be committed upon or with the body 'of a child under the age of fourteen years.' In the present case the prosecuting witness, a boy of but twelve years, could not be guilty, with this defendant—who was over fourteen years of age—of the offense defined in section 288, for as we have seen, the gist of the offense is that the acts shall be committed upon or with the body of one under the age of fourteen years."

As to whether or not the complaining witness reported the unlawful acts and conduct of defendant to anyone is a matter going to his credibility. (*People* v. *Healey*, 52 Cal. App. 563 [199 Pac. 551].) There is no intimation in the record that the testimony of the witnesses for the prosecution is untrue or that they were moved by any base motive. Their testimony seems true and convincing, the opportunities for the commission of the acts were present, and the jury having seen and heard the witnesses for the prosecution and the defense, found the defendant guilty as charged.

Appellant also claims the court erred in refusing to give certain instructions dealing with the necessity of corroborating the testimony of an accomplice, but these instructions were properly refused as is apparent from what has already been said herein upon that matter.

The jury were admonished to carefully scrutinize the testimony of children, and also a cautionary instruction was given that the charges in this type of case are easily made and peculiarly difficult to disprove, and that they must be satisfied beyond a reasonable doubt before finding the defendant guilty.

There is nothing in the record that would justify a reversal. The judgment is affirmed.

Tuttle, J., and Thompson, J., concurred.