[Crim. No. 1999.   Third Dist.   June 20, 1947.

## THE PEOPLE, Respondent, v. LELAND PYLE, Appellant.

George E. Foote for Appellant.

Fred N. Howser, Attorney General, and Ruth Bernfeld, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Defendant was convicted on both counts of an information filed in the Superior Court of the County of Sacramento which charged violations of section 288 of the Penal Code, on two different dates in October, 1946. The victim of the offenses is the daughter of defendant and was, at the date thereof, aged eleven years.

On this appeal from the judgment of conviction appellant contends that the evidence is insufficient to support the verdict, that it was not sufficiently corroborated, and that the testimony of the child, the complaining witness, is inherently improbable.

We find no merit in these contentions. The child's testimony as to the acts of her father constituting the offenses was

clear, direct, and convincing. There was nothing inherently improbable in her statements. (See *People* v. *Jackson,* 63 Cal.App.2d 586, 593 [147 P.2d 94] ; *People* v. *Carlson,* 73 Cal.App.2d 933, 937 [167 P.2d 812].) ▮ Corroboration of her testimony was not essential to a conviction. (*People* v. *Carlson, supra,* at p. 936; *People* v. *Smittcamp,* 70 Cal. App.2d 741, 749 [161 P.2d 983].) Furthermore, it was in part corroborated by her brother, a boy aged thirteen years.

▮ The testimony adduced by the prosecution was uncontradicted except by defendant himself, who denied committing the acts to which the girl testified. The conflict was a matter for the jury to resolve.

It is unnecessary to relate the testimony of the child. It will suffice to say that it amply supports the allegations of the information. The acts which she said were committed upon her by her father are clearly within the prohibition of section 288, *supra,* and are similar to those committed by the defendants in other cases in which they were held to constitute violations of the section. (See *People* v. *Pollock,* 61 Cal.App. 2d 213 [142 P.2d 328] ; *People* v. *Lanham,* 137 Cal.App. 737, 740 [31 P.2d 410].)

We find no error in the record before us, and the judgment is, therefore, affirmed.

Peek, J., and Thompson, J., concurred.