[Crim. No. 2186.    Third Dist.    Sept. 22, 1950.]

THE PEOPLE, Respondent, v. LEE ROY TERRY, Appellant.

Charles F. Gray, Jr., for Appellant.

Fred N. Howser, Attorney General, for Respondent.

PEEK, J.—By an information defendant was charged with violation of section 288 of the Penal Code. Following his plea of not guilty the cause proceeded to trial before the court sitting without a jury. At the conclusion thereof defendant was found guilty and was sentenced to imprisonment for the term prescribed by law. He now appeals from said judgment of conviction.

Resolving, as we must, all conflicts in the evidence in favor of respondent and indulging in all reasonable and legitimate inferences in favor of respondent, the record may be summarized as follows:

Prior to the alleged offense the complaining witness, who was 8 years of age, and her brother, aged 5, visited the defendant at a cabin which was located only a few feet from the home of a great-aunt where the children were staying. As they stood outside the cabin the defendant, grabbing the prosecutrix by the hand, took her inside the cabin where he committed the acts constituting the basis of the charge. Her testimony concerning what occurred outside the cabin and her actions upon leaving were corroborated by her 5-year-old brother. Immediate complaint was made by her to her aunt and to her parents when they arrived home some time later. The defendant, when confronted by the child's parents and her aunt, denied he had molested the child. Testifying in his own behalf he gave testimony wholly different from that of the complaining witness and in addition stated that his first knowledge of any complaint was when he was accosted by the children's aunt and their parents. On cross-examination he admitted to a degree some of the acts as charged. However, on redirect examination he stated that in his conversation with the police he had told them the same story he told in court but when a detective threatened him he changed his story, and that on the morning of his preliminary examination he had refused to sign a statement presented to him by the chief of police on the ground it was not true. Subsequently the testimony of the police officer as to the purported admissions and confessions of the defendant was stricken from the record.

We find no merit in any of the numerous contentions appellant has now raised on appeal.

He first contends that the committing magistrate failed to inform him of the charge and of his right to counsel. The record of the preliminary examination was not introduced in evidence at the time of the trial or is it now before this court. Moreover no objection upon this ground was raised by defendant's counsel at the time of the trial in the superior court. Furthermore it appears from a purported quotation from the transcript of the preliminary examination, contained in defendant's brief, that the court informed defendant ". . . of his rights . . ." that he was "entitled to be represented by an attorney," that he indicated "he didn't want to have an attorney," but that nevertheless "the defendant is entitled to the services of an attorney and even though it inconveniences the court to continue it the continuance will be

granted.'' It further appears in the transcript before us that the defendant, on cross-examination, testified that he remembered that at the time he was arraigned on the preliminary examination he was advised of his rights and his right to counsel. Even if we could consider the alleged irregularities so complained of by defendant (see *People* v. *O'Neill*, 78 Cal.App.2d 888, 892 [179 P.2d 10]) his own purported quotation from the transcript of the preliminary hearing refutes such contention.

His second contention is predicated in part upon his first—the lack of counsel at the preliminary hearing. It is well established that the right to counsel is a right which may be waived. (*In re Connor*, 16 Cal.2d 701 [108 P.2d 10].) Equally well established is the rule that the reviewing court is limited to the transcript on appeal. (*People* v. *Gonzales*, 69 Cal.App. 609 [231 P. 1014].) Again, even assuming the validity of the purported quotation from the transcript of the preliminary hearing as set forth in defendant's brief, such excerpt, rather than sustaining defendant's contention, supports his conviction, since it is there shown that after the magistrate had continued the hearing for one week in order to enable defendant to secure counsel, and when the case was finally called defendant indicated he was ready to continue without counsel.

Defendant's next contention, that the corpus delicti was not established, is essentially a reargument as to the weight of the evidence, which we assume was likewise made to the trial court. Its conclusion thereon will not be disturbed on appeal in the absence of some showing as to the falsity or inherent improbability thereof, neither of which appear in the case. As previously noted the testimony of the complaining witness was corroborated to a degree by her brother. Also there is the testimony of her parents and her aunt concerning the complaint which she made to them. It is the rule that to sustain a conviction of an adult of the crime denounced by section 288 of the Penal Code it is not necessary that the testimony of a complaining witness under the age of 14 years be corroborated, since children under that age are not deemed to be accomplices to the crime. (*People* v. *Showers*, 90 Cal.App.2d 248, 253 [202 P.2d 814].)

Defendant's next contention is predicated upon the alleged erroneous admission of testimony given by the chief of police concerning statements made by defendant to that officer. However, as the attacked testimony was stricken and

as there was no jury to be misled we can perceive no basis whereby defendant's rights were prejudiced.

Defendant also contends that his court-appointed counsel was incompetent and permitted improper hearsay evidence to be introduced. Our examination of the record does not bear out defendant's contention. Even if it can be said that some of the attacked testimony was hearsay it only related to immaterial facts and was in effect so inconsequential that defendant's rights could have been prejudiced in no way. (Const., art. VI, § 4½.)

In defendant's next contention he attacks the testimony of the chief of police relative to admissions made by defendant to such officer. Suffice it to say, as has been noted previously, the attacked testimony was stricken from the record and it is not apparent how defendant was prejudiced thereby.

Defendant further contends the conduct of the district attorney in propounding improper questions on cross-examination was so prejudicial as to warrant a reversal of the judgment. The record discloses that the particular question related to defendant's past record and followed his testimony on direct examination concerning his relationship with children and certain testimony relative to his sobriety shortly after the alleged offense. Since it was proper for the district attorney to cross-examine the defendant upon any material matter elicited on direct examination for the purposes of showing conduct or testimony inconsistent with his direct testimony (*People* v. *Westek*, 31 Cal.2d 469, 476 [190 P.2d 9]) it cannot be said that such testimony constituted prejudicial misconduct.

In support of his statement that he was deprived of his constitutional right to a public trial, defendant urges that he waived a jury trial only upon the assurance by his counsel that the cause would go to trial before the Honorable Albert F. Ross, Judge of the Superior Court of Shasta County; that the cause was not heard by Judge Ross but by the Honorable Ben R. Ragain, assigned to preside over an extra session of the superior court of said county, and that said trial was secret and not open to the public as provided by the Constitution, article I, section 13, as it was not heard in a regular courtroom of the superior court of said county but was held in a room ordinarily used by the board of supervisors.

There is absolutely nothing in the record before us that even remotely suggests that defendant was not given a public trial in the common accepted sense of the term. (*People* v. *Hartman,* 103 Cal. 242 [37 P. 153, 42 Am.St.Rep. 108]; see, also, 7 Cal.Jur. 936.) ▮ In the absence of some showing to the contrary the mere fact of holding a session of court in a room other than a regular courtroom is entirely insufficient to warrant a conclusion that the trial was secret and violative of the rights of defendant. (See Ann.Cas. 1917E, 1950.) As has so frequently been stated, the requirement of a public trial is for the benefit of the accused, that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to the sense of their responsibilities and to the importance of their functions. No showing is made nor does anything appear in the record before us that this requirement was not fairly observed. (*People* v. *Hartman,* *supra.*)

▮ The second point raised by defendant in his last contention relates to the waiver of a trial by jury based on his counsel's statement that the matter would be heard before Judge Ross, and is likewise without merit. At the outset we know of no rule permitting a defendant, at his pleasure, to select the judge who will preside in his case. Secondly it is again to be noted that the record is barren of any action on his part to withdraw such waiver. And lastly, a defendant cannot remain silent, gambling upon his chances for a favorable verdict, and then, as in the present case, when the verdict has gone against him, raise objections which he admittedly knew of and which could have been raised during the progress of the trial.

▮ Defendant's final contention attacks the action of the court in admitting the testimony of the complaining witness and her young brother upon the ground that both were incompetent as witnesses. In support thereof he again refers to the testimony given at the preliminary hearing. As we have previously stated herein, that record was not made a part of the record at the trial and is not now before this court, hence we cannot consider the same. However, our examination of the record in the superior court discloses that both witnesses were examined by the trial judge who determined them to be competent to testify. As stated in *People* v. *Arcia,* 85 Cal.App.2d 127 [192 P.2d 31]: "After a judge has heard the child give his testimony and has determined that he was

a competent witness, such determination is not a matter of review any more than his ruling upon the capacity of any other witness.''

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.