259 P.2d 1044

### STATE v. MADRID.

No. 7912.

Supreme Court of Idaho.

July 7, 1953.

Rehearing Denied Sept. 2, 1953.

---

Givens and Taylor, JJ., dissented.

Robert E. Smylie, Atty. Gen., J. R. Smead and Leonard H. Bielenberg, Asst. Attys. Gen., Hugh C. Maguire, Jr., Pros. Atty. for Bannock County, and P. A. Mc-Dermott, Pocatello, for respondent.

Anderson & Anderson, Pocatello, for appellant.

**THOMAS, Justice.**

Appellant, who was 39 years of age, was charged with and convicted of the crime of committing lewd and lascivious acts upon his daughter, then of the age of 11 years. From the judgment of conviction and from an order denying a new trial, this appeal was taken.

The complaining witness testified that on the particular date her father, while purportedly taking her to the postoffice in the family car, drove to the Purina Chow Mill, in Pocatello, where he committed the alleged acts in the car; that following the commission thereof they returned to the family residence and that she did not advise her mother about the matter until some twelve days later; appellant denied her testimony in every material respect in connection with the offense which she had detailed at great length upon the witness stand; a doctor, who was called to testify for and on behalf of the State, testified that he examined the complaining witness sometime early in the month of November, two weeks or more subsequent to the alleged commission of the offense. Without detailing the general examination which he made, suffice to say that in no respect did his testimony tend to corroborate the testimony of the complaining witness; no other witnesses were called for and on behalf of the State. The evidence of the defense consisted of the testimony of the accused and also the testimony of some alibi witnesses as well as that of a doctor called as a medical expert.

It is urged that the prosecuting witness who was twelve years old was not competent to testify because she did not understand the nature, quality, obligation and meaning of an oath. This assignment of error is without merit. The record discloses that the witness was questioned on voir dire and replied that she knew the difference between telling the truth and telling a falsehood. She also testified she did not know what would happen to her if she told a falsehood but, on further questioning, she testified in this respect that if she told things which were not true she would be punished by God. The examination as to her qualifications disclosed that she was capable of receiving just impressions and relating them truly to the jury; the trial judge correctly determined as a matter of law that the witness was qualified and competent to testify under the statutes. Secs. 9–201 and 9–202, I.C.; State v. Elsen, 68 Idaho 50, 187 P.2d 976; State v. Cosler,

39 Idaho 519, 228 P. 277; State v. Harp, 31 Idaho 597, 173 P. 1148; People v. Carpenter, 3 Cal.App.2d 746, 40 P.2d 524; Noble v. State, 253 Ala. 519, 45 So.2d 857.

Appellant contends that the court erred in permitting the prosecuting witness and her mother to sit in court and cry and weep in the presence of the jury. Near the close of the cross-examination of Roy Madrid, the 14 year old son of the accused, who had lived with his father's parents since he was about one year old, the following transpired:

"Q. Have you been to see your mother, Roy, since last October? A. I can't remember; since he was arrested I haven't.

"Q. You have been to see your mother at all? A. No."

This concluded the cross-examination of Roy and immediately counsel for the accused objected to the crying and weeping above-mentioned and the following is disclosed by the record:

"Mr. Anderson: Now, if the court please, if these people are going to sit here and weep I want to ask to have them excluded.

"The Court: Well, go ahead.

"Mr. Anderson: Well, I want to show that the woman, the wife of Louis Madrid, and the witness Rachel Madrid, while Roy Madrid was on the witness stand, are sitting here crying before the jury, and we assign it as prejudicial and improper to allow that kind of conduct in the presence of the jury in this case, and particularly on the part of the woman, Mrs. Louis Madrid, and we ask that they be excluded from the courtroom.

"Mr. McDermott: If the court please, we object to that on the ground that these people are human beings and have sentiments and feelings, and they can't always control them.

"Mr. Anderson: Well, we object to them sitting here and putting on an act before the jury, that is what we object to, and we hope that the jury can see through it.

"The Court: Well, proceed, gentlemen. Call your next witness.

"Mr. Anderson: Does your Honor deny—

"The Court: Yes, they are all right.

"Mr. Anderson: We except to the ruling of the Court and remarks of the court that they are all right in the presence of the jury."

From the record, it is not clear as to just when the emotional manifestations commenced and their duration. Neither is it clear what the court meant when in the ruling made refusing to exclude these people from the courtroom, he remarked, "They are all right". Whether the court meant that they had ceased their emotional demonstrations at that time is by no means

clear from the record; on the other hand, it is equally uncertain as to whether or not such demonstrations either continued or were thereafter repeated.

Appellant did not ask that the court reprimand and admonish these people to desist from further demonstrations, or ask the court to instruct the jury in connection with any such matter but simply asked that they be excluded from the courtroom.

The trial of a case is open to the public and generally the exclusion of witnesses and others therefrom lies within the sound discretion of the trial court. Secs. 1–1601, 1–1602, I.C.; State v. Dangelo, 182 Iowa 1253, 166 N.W. 587.

The court in the exercise of its judicial discretion did not err in refusing the request to exclude these people from the courtroom; however, appellant asserts that irrespective of whether or not they were excluded from the courtroom, their weeping in the presence of the jury was highly improper and prejudicial to appellant.

Such emotional demonstrations often occur during the course of a trial in felony cases; this is well known both to the court and to counsel; uncontrollable manifestations of grief on the part of relatives of the accused or the prosecuting witness are quite common in such instances. Here we have a situation where a grief stricken mother and her little daughter were emotionally overcome while the 14 year old son and brother who had lived with his father's parents since early childhood was on the witness stand. There is no showing in the record that such demonstrations were designed or planned. The crucial question is whether such emotional demonstrations had the effect of denying accused a fair trial to which he was entitled.

It is a general proposition of law, well recognized, that it is the duty of the court to see that public sentiment is not expressed in the presence of the jury in such a manner that it might influence the verdict and thus operate to deny the accused his right to a fair and impartial trial. Such conduct might well furnish grounds for a reversal of a judgment of conviction unless steps are taken promptly to suppress such improper conduct and check its repetition; however, while demonstrations are always improper, it does not necessarily follow that they are of such nature as to affect or influence the minds of the jury to the prejudice of the accused; if, from the record, such demonstrations do not appear to have affected or influenced the minds of the jury to the prejudice of the accused then they are neither grounds for a new trial nor reversal even though the court does not take immediate steps to suppress such or prevent their repetition; this is especially so, where there is no showing that such demonstrations either continued or were subsequently repeated after the matter was called to the attention of the court; the crucial question is always whether or not such manifestations were

prejudicial to the rights of the accused. 39 Am.Jur., § 94, p. 108; 53 Am.Jur., § 43, p. 56 and sec. 997, p. 692; 23 C. J. S., Criminal Law, § 1449, p. 1207; 24 C. J. S., Criminal Law, § 1903, pages 910 & 911; Millican v. State, 63 Tex.Cr.R. 440, 140 S. W. 1136.

On the record before us there is no showing that such manifestations did not cease immediately upon the request of counsel that the mother and daughter be removed from the courtroom; there is nothing in the record which in anywise indicates that the demonstrations were at any time thereafter repeated; error is never presumed, it must be shown. We recognize that there may be instances depending upon the particular facts and circumstances and the showing made in the record in which such emotional outbursts would be considered so highly prejudicial to the rights of the accused as to require a reversal of judgment. It would serve no useful purpose to discuss and analyze the authorities which deal with this matter; it is within the sound discretion of the trial judge to determine the effects of such demonstrations and to take whatever steps are deemed necessary and proper to safeguard the rights of the accused to a fair and impartial trial; however, in the absence of a clear showing that such demonstrations were prolonged and repeated and that the jury was improperly affected thereby to the prejudice of the accused, we can see

nothing upon which to predicate prejudicial error in this regard.

It is urged by appellant that the prosecuting attorney was guilty of misconduct in asking impeaching questions of appellant's father, Antonio Madrid, on cross-examination, and not following them up with impeaching evidence. This witness was asked under cross-examination if he had not prevailed upon the mother of the prosecutrix to have the criminal action dismissed. The witness answered that he had never asked the mother to drop the prosecution. Whereupon no further questions were asked of the witness upon cross-examination and no evidence thereafter was introduced to impeach the witness in this respect.

The subject of the cross-examination coveral a collateral matter. 58 Am.Jur., § 785, p. 433. The answer of the witness on cross-examination as to matters merely collateral is binding on the party eliciting such testimony and may not be contradicted. State v. Kritzer, 21 Wash.2d 710, 152 P.2d 967; State v. Sandros, 186 Wash. 438, 58 P.2d 362; State v. Navone, 180 Wash. 121, 39 P.2d 384; People v. Rodriguez, 134 Cal. 140, 66 P. 174; People v. Chiappelone, 90 Cal.App. 472, 265 P. 976; State v. Edwards, 106 Or. 58, 210 P. 1079; 58 Am.Jur., secs. 783–786, pp. 432–434. This assignment of error is without merit.

It is urged that the court erred in instructing the jury that in order to con-

stitute the crime of lewd conduct with a minor or child under sixteen, Sec. 18–6607, I.C., it is not necessary to touch the bare skin of the victim. Appellant asserts that this instruction not only is not the law but that furthermore there is no evidence in the record upon which such instruction could be predicated. The naked body of the victim need not be touched to constitute a violation of this statute. People v. Ash, 70 Cal.App.2d 583, 161 P.2d 415; People v. Halistik, 69 Cal.App. 174, 230 P. 972; People v. Lanham, 137 Cal.App. 737, 31 P. 2d 410; People v. Schultz, 49 Cal.App.2d 38, 120 P.2d 893; People v. Todd, 91 Cal. App.2d 669, 205 P.2d 453; People v. Westek, 31 Cal.2d 469, 190 P.2d 9. It was error to give such instruction for the reason there was no evidence in the record to which it could be applied. While the giving of such instruction was erroneous, it was not prejudicial.

The court, at the request of the State, gave a cautionary instruction stating, in part, as follows: "* * * A charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and, once made, difficult to disprove even if the defendant is innocent. * * *" Appellant does not contend that it was error to give a cautionary instruction when requested in connection with the prosecution for such sexual offense but earnestly urges that giving it in the language above set forth was highly prejudicial because it in effect placed the burden

of proof upon the appellant to prove his innocence.

Such cautionary instruction has its genesis in the statement made by Sir Matthew Hale (1 Pleas of the Crown, 1st, Amer.Ed., 634), with reference to rape, another sexual crime, wherein he used this language: "* * * It must be remembered, that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent." 52 C.J., § 118, p. 1087; 75 C.J.S., Rape, § 66, p. 541; 44 Am.Jur., § 123, p. 980; Annotation 130 A.L.R. 1489.

The courts are far from harmonious with respect as to whether or not such instruction should or should not be given. Annotation 130 A.L.R. 1489. In this jurisdiction giving such an instruction rests within the sound discretion of the trial court if request therefor is made. State v. Elsen, 68 Idaho 50, 187 P.2d 976.

Giving the instruction in the language of the observation of Lord Hale has always been considered favorable to the accused and not ground for reversal; moreover, many courts have given the instruction using the same language or language of similar import to that employed in the instruction given here. Annotation 130 A.L.R. 1489. No case has been called to our attention nor has an independent search disclosed any case where the judgment of conviction has been reversed when such an instruction was given along with appropriate instructions on the burden of

proof; reasonable doubt and presumption of innocence as were given here. It has been criticized as improper though not prejudicial. State v. Davis, Mo.Sup., 190 S.W. 297; State v. Dalrymple, Mo.Sup., 270 S.W. 675; State v. Mitchell, Mo.Sup., 86 S.W.2d 185. Giving of the instruction does not constitute reversible error. Giving such cautionary instruction rests within the sound discretion of the trial court, if requested; however, when given, it would be better practice to employ the language of the observation of Lord Hale.

It is urged that the evidence is insufficient to support the verdict because the complaining witness is an accomplice and her testimony was without corroboration; if the complaining witness is an accomplice her testimony requires corroboration tending to connect the defendant with the commission of the offense. Sec. 19–2117, I.C. The victim of lewd and lascivious conduct cannot be prosecuted under the lewd and lascivious conduct statute. Sec. 18–6607, I.C. The victim is not liable to prosecution for the identical offense which is set forth in the statute and which the accused is informed against. Where the prosecuting witness cannot be informed against for the same crime for which the accused is prosecuted, such witness is not an accomplice. People v. Terry, 99 Cal.App.2d 579, 222 P.2d 95; People v. Showers, 90 Cal.App.2d 248, 202 P.2d 814; People v. Pyle, 80 Cal.App.2d 498, 181 P.2d 644; People v. Von Benson, 38 Cal.App.2d 431,

101 P.2d 527; People v. Slaughter, 45 Cal. App.2d 724, 115 P.2d 30; People v. Spillard, 15 Cal.App.2d 649, 59 P.2d 887; People v. Troutman, 187 Cal. 313, 201 P. 928. This principle is recognized and applied in this State. State v. Emory, 55 Idaho 649, 46 P.2d 67.

Appellant urges that even though the prosecuting witness is not an accomplice her testimony must nevertheless be corroborated to sustain the conviction. On the other hand, the State contends that the statutes do not require corroboration to sustain a conviction under the lewd and lascivious conduct act. Sec. 18–6607, I.C.

There is no evidence other than that of the prosecuting witness which tends to connect the accused with the commission of the offense. Her testimony in this and every other respect is without corroboration; if corroboration is necessary to sustain a conviction, as contended by appellant, the judgment of conviction cannot stand.

This presents a question of first impression in this jurisdiction under the statute.

In California Penal Code, Sec. 288, as in Idaho, the statute is silent with reference to the requirement of corroboration of the prosecuting witness. Under the decisions in California under the lewd and lascivious conduct statute, the testimony of the prosecuting witness is not required to be corroborated. People v. Terry, 99 Cal.App.2d 579, 222 P.2d 95; People v. Showers, 90 Cal.App.2d 248, 202 P.2d 814; People v.

208

Pyle, 80 Cal.App.2d 498, 181 P.2d 644; People v. Spillard, 15 Cal.App.2d 649, 59 P.2d 887; see also Annotation Deering's Penal Code of California, Vol. 1, § 288, note 42.

The lewd and lascivious conduct statute of California is similar to that of Idaho and the State urges that we follow the California rule.

In California, without statutory aid, the uncorroborated testimony of the prosecutrix is sufficient to sustain a conviction of statutory rape, People v. Murray, 91 Cal. App.2d 253, 204 P.2d 624; of incest, People v. Lee, 55 Cal.App.2d 163, 130 P.2d 168; of sex perversion, People v. Coleman, 53 Cal.App.2d 18, 127 P.2d 309; and of infamous crimes against nature (sodomy), People v. Becker, 140 Cal.App. 162, 35 P.2d 196. Hence the public policy of California with reference to such sex crimes is so established.

In Idaho, in the prosecution for statutory rape, corroboration of the prosecutrix is necessary to sustain a conviction; in this respect if the character or reputation of the prosecutrix for truth and chastity is unimpeached, and her testimony is not contradictory nor inconsistent with the admitted facts of the case, and is not inherently improbable nor incredible, the corroborating testimony may be either direct or evidence of surrounding circumstances which clearly corroborate her statements. However, if her character or reputation for truth and chastity or either is impeached or her testimony is contradictory

or is inconsistent, or in the event it is inherently improbable or incredible, then there must be direct corroborating testimony, but in any event there must be corroboration. State v. Elsen, 68 Idaho 50, 187 P.2d 976; for general discussion of the matter see also 75 C.J.S., Rape § 78, p. 560; 44 Am.Jur., § 106, p. 969; Annotation 60 A.L.R. 1124; this rule has likewise been recognized in this jurisdiction in the prosecution for incest. State v. Andrus, 29 Idaho 1, 156 P. 421; State v. Clark, 27 Idaho 48, 146 P. 1107.

Thus the public policy of Idaho requiring the corroboration of the prosecutrix in such sex crimes, where declared, is not in harmony with that of California. It is the thought in this jurisdiction that the better doctrine requires some corroborating evidence.

In harmony with the declared public policy of this state with reference to the necessity of corroboration of testimony of the complaining witness in such sex crimes, we hold that the testimony of the prosecuting witness in the prosecution for lewd and lascivious acts must be corroborated either by direct evidence or evidence of surrounding circumstances which clearly corroborate the statements of the complaining witness under the rule as laid down in the case of State v. Elsen, supra, in order that a conviction under the act may be sustained.

Because the evidence of the prosecuting witness was wholly without corro-

boration, the evidence is insufficient to support the verdict and judgment. The judgment should be and hereby is reversed and the cause remanded with directions for a new trial if the prosecuting attorney can procure any corroborating evidence, otherwise dismissed.

PORTER, C. J., concurs.

KEETON, J., concurs in the conclusion reached.

KEETON, Justice.

If the opinion of Justice THOMAS can be construed as holding that the victim or prosecuting witness in a prosecution for statutory rape, Sec. 18–6101, I.C., or lewd and lascivious conduct in violation of Sec. 18–6607, I.C. puts in issue her chastity, or if it be construed that the victim can be impeached by proof of unchaste conduct, I am not in accord with such holding.

In my opinion such witness may be impeached by the party against whom he (she) is called by contradictory evidence, or by evidence that his (her) reputation for truth, honesty or integrity is bad, or by showing that the witness has been convicted of a felony, not otherwise. R 9–1209, I.C. See also Sec. 9–1302, I.C.

In a prosecution for statutory rape in violation of Sec. 18–6101, I. C., or lascivious conduct in violation of Sec. 18–6607, I.C., general reputation that the victim is of unchaste character or that specific unchaste acts have been committed by the victim is, in my opinion, not grounds for impeachment, and immaterial to the issues.

Such testimony, if admitted, simply clouds the issues and confuses the jury, and, in effect, puts on trial the prosecuting witness instead of the perpetrator of the crime.

In the case before us the victim was eleven years of age. She could be impeached the same as any other witness. Her chaste or unchaste conduct was not an issue.

Hence, I am not in accord with that part of the opinion which at least inferentially holds that lack of chastity of a victim is ground of impeachment. In the definition of rape, Sec. 18–6101, I.C. and lewd and lascivious conduct, Sec. 18–6607, I.C., the legislature makes no distinction in defining the crime between a victim of chaste or unchaste character, and the well recognized grounds of impeachment of a witness, make no such exception.

Such character of the victim might be material for a court to consider in determining the enormity of the crime and the punishment to be imposed; it is not a matter for the jury to consider in the first instance.

GIVENS and TAYLOR, Justices (dissenting).

It seems perfectly apparent that the Legislature in passing Section 18–6607,

I.C., intended to enlarge and amplify the field of misconduct against both boys and girls under the age of sixteen, thus to potentially protect them against the acts of sex deviates and perverts.

While, as pointed out in State v. Wall, 73 Idaho 142, 248 P.2d 222, acts comprehended within Section 18–6607, I.C. might also support prosecution for statutory rape, sodomy or incest, many acts might be punishable under Section 18–6607, I.C. which would not come within any other statute. Section 18–6607, I.C. is, therefore, sui generis and it is more in keeping with this intention of the Legislature not to engraft upon it by judicial interpretation. By reason of the enlarged scope of this statute, it would seem contrary to the intention of the Legislature to necessarily apply to it rules of evidence heretofore declared by this Court as applicable in prosecutions for rape. It is more consonant with and in furtherance of this legislative intent to apply, as to corroboration of the victim who is not an accomplice, the common law rule which in the absence of a statute, was that the testimony of the victim, if not contradictory or incredible or inherently improbable, and not inconsistent with the admitted or uncontradicted facts of the case, and if the victim's reputation for truth and veracity is not impeached, is sufficient to sustain a conviction and need not be corroborated. 75 C.J.S., Rape, § 78, p. 560.

The victim's testimony herein does not fall within any of the above exceptions and she was not impeached. The judgment, therefore, should be affirmed.

However, if the case is to be reversed, we concur that a new trial should be conditionally ordered.

 We concur with Justice KEETON'S observations as to lack of chastity not being a basis for impeachment.