764 P.2d 453

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard Lee GONG, Defendant–Appellant.**

No. 16912.

Court of Appeals of Idaho.

Nov. 14, 1988.

Stephen S. Hart of Hart & Kohler, Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

SUBSTITUTE OPINION

The Court's prior opinion, dated October 4, 1988, is hereby withdrawn.

SWANSTROM, Judge.

A jury convicted Richard Gong of rape and of lewd and lascivious conduct with a minor. Gong received a fixed five-year sentence for the rape and a fixed ten-year sentence for the lewd conduct, the sentences to run consecutively. On appeal, Gong asserts that several errors occurred during trial which require a new trial. The issues are whether the trial court abused its discretion in allowing a physician to testify for the state concerning the likely

duration of bruises allegedly suffered by the victim, when the physician did not observe the bruises; whether the trial court abused its discretion by not allowing two witnesses for Gong to testify as experts about the social characteristics of the local Hispanic subculture; and whether the trial court erred in refusing one of Gong's requested jury instructions. We affirm.

▮ We begin our review with the trial court's rulings on evidence. During the state's case in chief, the victim's mother testified that she had observed bruises on the inside of the victim's upper arm a couple of days following the alleged rape and lewd conduct. Later in the trial the prosecutor presented the testimony of a physician who had examined the victim, a ten-year old girl, for signs of sexual abuse. The prosecutor posed a hypothetical question to the physician: "Would you expect to see a bruise there if there had been a bruise observed [six days] prior to your examination?" The physician responded: "I would have expected it to still be there." The physician went on to explain that he did not observe any bruising of the upper arm because most of the victim's body was covered with hospital draping and he did not examine the victim's arm.

Gong contends the physician's speculative testimony was extremely prejudicial and was without foundation. *See* I.R.E. 403 and 702. Gong argues the physician's opinion went so far as to suggest that if a bruise had been seen on a specific date, the bruise would have been inflicted on another specific date. We believe Gong misreads the testimony and exaggerates its importance. The physician stated that he did not see a bruise. He did not suggest how, when or by whom the bruise could have been caused. The physician simply opined that a bruise observable one day would likely be visible a few days later. We find no error in allowing the testimony.

▮ Both the victim and Gong are Hispanic. In mustering his defense, Gong planned to call as witnesses two Hispanic individuals who had years of experience in working with the local Hispanic populace. The witnesses were prepared to give their expert opinion regarding the social beliefs, characteristics and mores of the local Hispanic people, particularly the females' desire to protect their husbands or lovers. Gong claimed such testimony would be relevant to show that the victim and her mother might have been trying to protect the actual perpetrator of the crimes charged against Gong. However, Gong did not produce any evidence reasonably tending to show that another person committed the crimes. The trial court ruled that the proffered expert testimony was irrelevant in absence of such evidence to "tie it in."

We find no error. To be relevant, expert testimony must assist the jury in determining a fact in issue. I.R.E. 402, 702. The underlying factual issue of identity was not adequately framed in this case.

▮ We turn now to the jury instruction issue. Gong requested the following instruction be given to the jury.

You are instructed that in your deliberations it must be remembered that the charge made against the Defendant is an accusation easily to be made and hard to be proved, and harder to be defended by the parties [sic] accused, though never [sic] so innocent.

Gong argued that such an instruction is permitted by case law in a trial for the charge of rape. *See State v. Madrid,* 74 Idaho 200, 259 P.2d 1044 (1953); *State v. Elsen,* 68 Idaho 50, 187 P.2d 976 (1947). However, the cautionary instruction proposed by Gong states no rule of law, is improper and was specifically disapproved by our Supreme Court in *State v. Smoot,* 99 Idaho 855, 590 P.2d 1001 (1978). The district court did not err in refusing to give this instruction.

The Judgment of Conviction is Affirmed.

WALTERS, C.J., and BURNETT, J., concur.