(July 19, 1918.)

STATE, Respondent, v. FRANK HARP, Appellant.

[173 Pac. 1148.]

CRIMINAL LAW—RAPE—WITNESSES—EVIDENCE.

   1. Those who are of unsound mind at the time of their production for examination, and children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly, cannot be witnesses. With respect to all other persons the necessary mental qualifications of a witness are that he have organs of sense, can perceive, and, perceiving, can make known his perceptions to others.

2. Although the jury believe that a child who is prosecutrix in a rape case, has made contradictory statements with respect to the acts complained of, it does not necessarily follow it must reject all her testimony as untrue.

[As to competency of children as witnesses, see note in 130 Am. St. 295.]

APPEAL from the District Court of the Seventh Judicial District, for Adams County. Hon. Isaac F. Smith, Judge.

The defendant was convicted of rape. *Judgment affirmed.*

Stinson & McCallum, for Appellant.

Unless a witness understands the nature and obligation of an oath, the form of swearing the witness to tell the truth, the whole truth and nothing but the truth, is idle and of no effect and the witness is not in any manner qualified to testify. (*Lee v. Missouri Pac. Ry. Co.*, 67 Kan. 402, 73 Pac. 110, 63 L. R. A. 271.)

Where the prosecutrix on a charge of rape is in no way corroborated, and the defendant denies the charge and is corroborated in such denial, the uncorroborated testimony of the prosecutrix, standing alone, is insufficient to warrant a conviction. (*Sowers v. Territory*, 6 Okl. 436, 50 Pac. 257; *State v. Baker*, 6 Ida. 496, 56 Pac. 81; *State v. McMillan*, 20 Mont. 407, 51 Pac. 827; *People v. Hamilton*, 46 Cal. 540; *People v. Ardaga*, 51 Cal. 371; *People v. Castro*, 60 Cal. 118; *State v. Anderson*, 6 Ida. 706, 59 Pac. 180; *State v. Trego*, 25 Ida. 625, 138 Pac. 1124; *State v. Clark*, 27 Ida. 48, 146 Pac. 1107; *State v. Andrus*, 29 Ida. 1, 156 Pac. 421.)

T. A. Walters, Attorney General, J. P. Pope, Assistant Atty. General, and B. J. Dillon, Prosecuting Attorney, for Respondent.

Children, however young, who are capable of receiving just impressions of the fact respecting which they are examined and of relating them truly, are competent to testify. (Secs. 5956, 5957, Rev. Codes; 40 Cyc. 2200, and cases cited; *People*

*v. Bernal,* 10 Cal. 66; *Walker v. State,* 134 Ala. 86, 32 So. 703.)

The question of the competency of children to testify rests in the sound discretion of the court. (40 Cyc. 2221, and cases cited; Cent. Digest, tit. "Witnesses.")

The evidence is amply sufficient to support the verdict. (*State v. Hammock,* 18 Ida. 424, 110 Pac. 169; *State v. Downing,* 23 Ida. 540, 130 Pac. 461; 17 Am. Digest, tit. "Rape," sec. 54; *State v. Baker,* 6 Ida. 496, 56 Pac. 81; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180.)

MORGAN, J.—Appellant was convicted of rape alleged to have been committed upon a girl ten years old. He has appealed from the judgment of conviction and from an order denying his motion for a new trial.

The action of the trial court in refusing to strike the testimony of the prosecutrix and of her sister is urged as error. The prosecutrix was eleven and her sister nine years of age at the time of the trial, and it is contended their examination shows they did not understand the nature and obligation of an oath. It is true these witnesses, when questioned as to whether they understood the nature of an oath, and as to whether they knew what would be done to them if they testified falsely, answered in the negative. These questions, while competent, did not constitute the exclusive test of the qualifications of the witnesses in this particular. The requirements applicable to this case are to be found in Rev. Codes, secs. 5956 and 5957, as follows:

Sec. 5956. "All persons, without exception, otherwise than is specified in the next two sections, who, having organs of sense, can perceive, and, perceiving, can make known their perceptions to others, may be witnesses. . . . . "

Sec. 5957. "The following persons cannot be witnesses:

"1. Those who are of unsound mind at the time of their production for examination;

"2. Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly; . . . . . "

The examination of each of these witnesses, as to her qualifications, taken as a whole, shows that her intelligence measured up to the statutory requirements and that the denial of the motions was not error.

The sufficiency of the evidence to sustain the conviction is questioned; the incredibility of the testimony of the prosecutrix is urged, and certain discrepancies therein are pointed out. While the testimony is revolting it is not incredible, and the discrepancies were circumstances to be taken into consideration by the jury in determining the credibility of the witness. In *State v. Driskill*, 26 Ida. 738, 145 Pac. 1095, this court held, in effect, that although the jury believed the prosecutrix made contradictory statements with respect to the acts complained of, it did not necessarily follow it must reject all of her testimony as untrue. (See, also, *State v. Hopkins*, 26 Ida. 741, 145 Pac. 1095.) This is particularly true where the prosecutrix is a child. The evidence is sufficient to sustain the verdict.

Other rulings of the court not herein discussed are specified as error, but we find no merit in these assignments. The judgment is affirmed.

Budge, C. J., and Rice, J., concur.