504 P.2d 383

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Claudette M. HALL and Charles Leroy Rice, Defendants-Appellants.**

**No. 10766.**

Supreme Court of Idaho.

Dec. 18, 1972.

Mack A. Redford, Webb, Tway & Redford, Boise, for defendants-appellants.

W. Anthony Park, Atty. Gen., Wayne V. Meuleman, Asst. Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

The defendants-appellants, Claudette Hall and Charles Rice, were charged with and convicted of committing a lewd or lascivious act with a minor child under the age of sixteen years, in violation of I.C. § 18–6607.[1] The prosecuting witnesses were two female children, one eleven and the other twelve years of age. The offense was allegedly committed on January 31, 1970, at the appellants' residence in Boise. At trial, the prosecuting witnesses testified, *inter alia*, as to the sexual acts performed upon them by the appellants. Upon a jury

---

1. "18–6607. *Lewd conduct with minor or child under sixteen.*—Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life."

verdict of guilty, the district court sentenced each of the appellants to an indeterminate term of up to ten years in prison.

The appellants' primary assignment of error challenges the propriety of the following instruction given to the jury by the district court:

"INSTRUCTION NO. 12

You are instructed that to the extent that you find it true and applicable, the testimony of [one prosecuting witness] may be used to corroborate the testimony of [the other]; further, to the extent that you find it true and applicable, the testimony of [the second prosecutrix] may be used to corroborate the testimony of [the first]."[2]

The appellants' position is that the testimony of one prosecuting witness cannot properly be used to corroborate that of another. They further contend that even if one prosecuting witness's testimony may be used to corroborate that of another victim, sufficient corroboration is lacking in this case because the testimony of each of the prosecuting witnesses is inconsistent with that of the other.

In Idaho, our common-law rule requires corroboration of the prosecutrix' testimony in order to sustain a conviction under I.C. § 18–6607. State v. Ross, 92 Idaho 709, 449 P.2d 369 (1968); State v. Tope, 86 Idaho 462, 387 P.2d 888 (1963); State v. Madrid, 74 Idaho 200, 259 P.2d 1044 (1953); *see* State v. Myers, 94 Idaho 570, 494 P.2d 574 (1972); *cf.* State v. Elsen, 68 Idaho 50, 187 P.2d 976 (1947). The appellants submit that the prosecutrix' testimony may not be corroborated by that of a witness who is also allegedly a victim of the conduct upon which the prosecution is based. The appellants cite no authority in support of this proposition, and our own research discloses none.

In cases presenting a somewhat analogous question, this Court has held that even though the defendant could not be convicted upon either the uncorroborated testimony of the *victim* of the crime or the uncorroborated testimony of an *accomplice* of the defendant, the testimony of the victim could be corroborated by that of an accomplice, and the testimony of an accomplice could be corroborated by that of the victim. State v. Wilson, 93 Idaho 194, 200, 457 P.2d 433 (1969) (rape case); State v. Rose, 75 Idaho 59, 64–65, 267 P.2d 109 (1954) (abortion case). If the testimony of the victim of a crime can be corroborated by that of an accomplice of the defendant, it would seem to follow a fortiori that the testimony of a victim may be corroborated by that of another victim. Although the testimony of an accomplice is generally "so corrupt as to render it unworthy of belief" (State v. Murphy, 94 Idaho 849, 499 P.2d 548, 550 (1972); State v. Emmons, 94 Idaho 605, 495 P.2d 11, 15 (1972)), an accomplice is nevertheless permitted to corroborate the victim's testimo-

2. Instruction No. 12 should be read in conjunction with the court's instruction No. 11, which provides:
"In this case a conviction cannot be had upon the uncorroborated testimony of the victim. Corroborative evidence is additional evidence to the same point and although it need not be sufficient standing alone to support a conviction, it must relate to some act or fact which is an element of the offense with which the defendant is charged. It must, in and of itself and independent of the evidence which it supports, fairly and logically tend to connect the defendant with the commission of the alleged offense.

In determining whether a victim has been corroborated you must first assume the testimony of the victim to be removed from the case. You must then determine whether there is any remaining evidence which tends to connect the defendant with the commission of the offense. If there is none you must acquit the defendant. But if there is such evidence then her testimony is corroborated. But before you may convict the defendant you must find from all the evidence that it carries the convincing force required by law."

ny. State v. Wilson, *supra*; State v. Rose, *supra*. Since the testimony of a victim is, in general, likely to be more trustworthy than that of an accomplice of the defendant, a victim should be able to corroborate the testimony of another victim.

■ Earlier this year, in State v. Myers, *supra*, we held that the testimony of a prosecuting witness in a lewd or lascivious conduct case could be corroborated by the eyewitness testimony of the nine-year-old stepbrother of the prosecuting witness. Admittedly, then, a prosecuting witness's testimony may be corroborated by that of a minor eyewitness who has not been the subject of illegal sexual activity. We find no reason for denying the corroborative effect of such testimony where the defendant has also committed illicit sexual acts with reference to the corroborating eyewitness. Even though the stepbrother in *Myers* cannot properly be considered a victim of the offense committed in that case, we see no difference between his eyewitness testimony and that of a child who is not only an eyewitness to acts performed upon another child but also a victim of such acts (and therefore a prosecuting witness, or a potential prosecuting witness).

■ In State v. Ellington, 200 Iowa 636, 204 N.W. 307 (1925), the defendant was charged with and convicted of assault with intent to commit rape; on appeal, he contended that the evidence was insufficient to satisfy the statutory requirement that the testimony of the prosecuting witness be corroborated. The court responded as follows:

> "The prosecuting witness is a girl 12 years of age, and it is quite evident from the record that she is scarcely normal mentally. The evidence tends to show that appellant invited the prosecuting witness and her sister, a girl 10 years of age, to come into the basement of the school building where he was employed, on a Saturday; that he made some proposition to the girls that he wished them to work for him in helping to do some cleaning in the school building. It ap-

pears from the evidence that both girls went into the basement of the school building, where appellant was, and that at that time the assault which is the basis of the indictment was committed upon the prosecutrix. *The evidence of the sister furnishes the corroboration necessary under the statute."* 204 N.W. at 310–311 (emphasis added).

While the prosecutrix' sister in *Ellington* may not, technically speaking, have been the subject of the defendant's assault, we believe that this is a distinction without a difference.

We conclude that a prosecuting witness's testimony, in regard to lewd or lascivious acts performed upon another prosecuting witness, is entitled to the same corroborative effect given to the testimony of any other eyewitness. Therefore, we find no error in the district court's instruction challenged herein by the appellants.

We turn now to the appellants' further contention that sufficient corroborative evidence is lacking in this case. They submit that because of various inconsistencies in the testimony of the prosecuting witnesses, no corroborative effect may be attributed thereto. In State v. Ross, *supra,* this Court responded to a similar contention in the following manner:

> "Given the admitted inconsistencies in the testimony of the minor children—the prosecution's witnesses—appellant contends that the evidence is insufficient to show that a crime was committed or that it was committed on these witnesses. This court, however, has repeatedly held that the credibility of witnesses and the weight to be accorded their testimony is exclusively for the jury, and where there is competent, though conflicting, evidence to sustain a verdict, the court cannot reweigh the evidence or disturb the verdict. State v. Pruett, 91 Idaho 537, 428 P.2d 43 (1967); State v. Booton, 85 Idaho 51, 375 P.2d 536 (1962); State v. Harp, [31 Idaho 597, 173 P. 1148] supra; State v. Berry, 101 Ariz. 310, 419 P.2d 337 (1966). It is not for

this court to review the minor inconsistencies in the testimony of children, provided the inconsistencies could have been considered by the jury and there was no abuse of discretion by the trial judge in admitting the testimony." 92 Idaho at 713, 449 P.2d at 373.

This language from *Ross* is applicable to this case. *See also* State v. Harp, 31 Idaho 597, 173 P. 1148 (1918); People v. Wrigley, 69 Cal.2d 149, 70 Cal.Rptr. 116, 443 P.2d 580, 586 (1968); Polito v. State, 71 Nev. 135, 282 P.2d 801 (1955). We note, moreover, that the district court specifically instructed the jury that the testimony in question was corroborative only to the extent that the jury found it to be "true and applicable."

■ The appellants submit that the testimony of one of the prosecuting witnesses was impeached because other witnesses cast aspersions on her reputation for truth and her reputation for chastity. In the first place, in a lewd or lascivious conduct case, the victim's lack of chastity is not a ground for impeachment. State v. Tope, *supra*, 86 Idaho at 465, 387 P.2d 888; State v. Madrid, *supra* (concurring and dissenting opinions), *modifying* State v. Elsen, *supra*, 68 Idaho at 54, 187 P.2d 976. State v. Ross, *supra*, is hereby disapproved to the extent that its quotation of language from *Elsen* implies that lack of chastity remains a ground for impeachment in lewd or lascivious conduct cases. Assuming *arguendo* that the prosecuting witness in question was impeached upon the ground of bad reputation for truth, her testimony was corroborated by direct evidence consisting of the eyewitness testimony of the other prosecuting witness. In addition, the testimony of both prosecuting witnesses was corroborated by other evidence admitted at trial. For example, both prosecuting witnesses testified that they had seen a tattoo on the arm of the appellant Charles Rice. Such testimony was corroborated by that of officer Kulig, who testified that appellant Rice does in fact have a tattoo on his arm. Likewise,

the statement by one of the prosecuting witnesses to the effect that the appellant Claudette Hall had a scar on her stomach is corroborated by the testimony of officer Hemmer that stretch marks from childbirth are located in the hip area of appellant Hall. Finally, certain admissionary statements by the appellants to officer Palmer furnish additional corroboration of the prosecuting witnesses' testimony. *See* State v. Myers, *supra*, 94 Idaho at 576, 494 P.2d 574. We conclude that the record contains sufficient corroborative evidence to sustain the verdict of guilty.

Judgments of conviction affirmed.

McQUADE, C. J., and McFADDEN, SHEPARD, and BAKES, JJ., concur.