**UNITED STATES of America,**
**Appellee,**

v.

**Lee Vernon SMITH, Appellant.**

**No. 74–1978.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1975.

Decided Aug. 8, 1975.

Clark L. Holmes, Des Moines, Iowa, for appellant.

Paul Zoss, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The principal issue raised on this appeal is whether the trial court erred in admitting a hearsay statement of an alleged co-conspirator made after the termination of the conspiracy and not in furtherance thereof. We reverse.

Appellant Smith was convicted by a jury verdict of guilt on three counts involving possession with intent to distribute heroin. Count I charged that appellant and Geraldine Smith on December 2, 1973 possessed with intent to distribute approximately 120 grams of heroin.[1] Count III charged the defendants with conspiracy to distribute the same 120 grams of heroin. Count II charged the defendants with possession with intent to distribute approximately two grams of heroin on the same date. The court imposed on appellant ten-year concurrent sentences followed by a special parole term on each count.

The evidence discloses that government agents, acting on information supplied by an informant that appellant, in the company of his wife, would be arriving by air from California with heroin in their possession, conducted a surveillance at the Des Moines Municipal Airport. After their arrival, appellant and his wife were separately searched.

Approximately 1.3 grams of heroin were found in appellant's briefcase (Count II). During the search, appellant remarked, "You guys are really thorough. How did you know to search us?" After discovery of the heroin, appellant was placed under arrest.

A separate search was likewise made of Mrs. Smith. During the conduct of the search, Detective Wanda Jones detected something located in Mrs. Smith's underclothing. The detective testified

---

1. Mathis Lavern Reid was also named as a defendant in each of the three counts, but the government states the charges were dismissed because an informant refused to testify.

that at the time she first touched the object, "She [Mrs. Smith] said to me that the package was placed on her by her husband after he told her to make the trip with him." This statement was admitted over appellant's objection that the same constituted hearsay. This ruling gives rise to the principal issue now before us.

■ It is a well-established exception to the hearsay rule that declarations of one conspirator may be used against another conspirator if the declaration was made during the course of and in furtherance of the conspiracy charged. *Anderson v. United States,* 417 U.S. 211, 218–19, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974); *United States v. Schroeder,* 433 F.2d 846, 849 (8th Cir. 1970), *cert. denied,* 401 U.S. 943, 91 S.Ct. 951 (1971).[2] It has been noted by several commentators that the courts have tended to construe broadly the requirement that the co-conspirator's statement be made in furtherance of the conspiracy so long as the hearsay statement sought to be admitted was uttered during the active life of the conspiracy under circumstances indicating reliability and provided the statement related to the conspiracy itself. *See* discussion, *United States v. Overshon,* 494 F.2d 894, 899 (8th Cir.), *cert. denied,* 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974).

■ However, where the hearsay statement was not made in furtherance of the conspiracy because it was made after the objectives of the conspiracy either had failed or had been achieved, it is inadmissible. *Krulewitch v. United States,* 336 U.S. 440, 444–45, 69 S.Ct. 716, 93 L.Ed. 790 (1949). Neither can it be admitted on the theory that the hearsay statement was made in furtherance of the attempts to prevent detection. *Dut-*

*ton v. Evans,* 400 U.S. 74, 81, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *Krulewitch, supra* 336 U.S. at 444–45, 69 S.Ct. 716; *Lutwak v. United States,* 344 U.S. 604, 616–17, 73 S.Ct. 481, 97 L.Ed. 593 (1953); *see also Anderson, supra,* 417 U.S. at 218–19, 94 S.Ct. 2253.

■ We are satisfied that the statement made by the co-conspirator wife[3] during the search when the package containing heroin was discovered on her person was not made in furtherance of the conspiracy. It was an exculpatory statement made by the declarant and designed to implicate her husband, the appellant herein, as the real culprit. Under these circumstances, the likelihood of reliability of the co-conspirator's statement disappears. It was clearly inadmissible under Federal Rules of Evidence.[4]

The government cites *United States v. Cox,* 449 F.2d 679, 688 (10th Cir. 1971), where the Court found that the conversations on the night following the robbery were "so closely related to the activities of the day and to the fruits of the crime as to be regarded as part of the incident itself or the res gestae." The government contends that the disputed statement was made concurrently with the final act of concealment and as such constituted a part of the res gestae. The *Cox* case has little bearing on the facts before us. It is obvious that in the instant case when the co-conspirators were apprehended and separately searched, their joint enterprise was at an end. The very nature of the wife's declaration indicates it was designed to minimize her participation in the criminal venture by implicating the appellant as the guilty party.

■ For the same and additional reasons we reject the government's further

---

2. Federal Rules of Evidence now state that such statements are not hearsay but recognize that the new rule is consistent with previous federal decisions. *See Fed.Rules Evid.Rule* 801(d)(2)(E) and the Advisory Committee's Note thereon.

3. Appellant challenges the existence of a conspiracy. We do not reach this issue because of our disposition of this case on other grounds.

4. *See* n.2.

contention that the statement was admissible as an excited utterance and a part of the res gestae.[5] We note that initially the government agents took appellant into the men's restroom where he was searched and 1.3 grams of heroin found in his briefcase, after which he was placed under arrest. Thereafter, the agents took Mrs. Smith, who had remained in custody of other agents while appellant was being searched, into an office behind the ticket counters where her purse, coat and boots were searched. The agents then left except for Detective Wanda Jones, who then conducted the search of Mrs. Smith's undergarments which led to the discovery of the package of heroin and the statement by Mrs. Smith implicating her husband.

It is obvious that Mrs. Smith had time to reflect and fabricate an exculpatory statement if she desired to do so. We are satisfied that the statement cannot be classified as an excited utterance admissible as an exception to the hearsay rule. *Cf. United States v. Fountain,* 449 F.2d 629, 631 (8th Cir. 1971), *cert. denied,* 405 U.S. 929, 92 S.Ct. 981, 30 L.Ed.2d 802 (1972); *United States v. Bell,* 351 F.2d 868, 872–73 (6th Cir. 1965); *Fed.Rules Evid. Rule* 803(2), 28 U.S.C.A.

■ We reject the government's final contention that, since appellant does not take any meaningful exception to his conviction on Count II (possession with intent to distribute less than two grams of heroin), we should uphold the conviction and sentence on Count II under the concurrent sentence doctrine. *United States v. Morton,* 483 F.2d 573, 576 (8th Cir. 1973). The difficulty is that the effect of the erroneous admission of the disputed statement permeates the entire case. It not only points the finger of guilt at appellant as to Counts I and III but it accuses him of implicating his wife

in the commission of the crime. The error was prejudicial and requires that appellant be afforded a new trial.

Reversed and remanded for a new trial.

---

**5.** The phrase "res gestae" has been termed a convenient "catch-all" in escaping the hearsay rule of exclusion. Regardless of terminology, " * * * the individual admissibility situations and the reasoning involved in their solution are the primary considerations." *See Ladd and Carlson, Cases and Materials on Evidence,* at 899–903 (1972).