**UNITED STATES of America, Appellee,**

v.

**Lee Vernon SMITH, Appellant.**

**No. 76–1054.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1976.

Decided April 22, 1976.

William L. Kutmus, Des Moines, Iowa, for appellant.

Allen L. Donielson, U. S. Atty., and William D. Scherle, Asst. U. S. Atty., Des Moines, Iowa, for appellee; J. R. Rosenbaum and P. A. Zoss, Asst. U. S. Attys., Des Moines, Iowa, filed appearance.

Before GIBSON, Chief Judge, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

The defendant, Lee Vernon Smith, appeals from his jury conviction for possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1970) and 18 U.S.C. § 2 (1970). The sole issue raised on appeal is whether the District Court[1] erred in permitting the defendant's former wife, Geraldine Smith,[2] to testify against the defendant over his objection. This is the defendant's second appeal concerning this offense. His first conviction was reversed by this court because of the erroneous admission in evidence of a police detective's report of a hearsay statement made by the defendant's wife which implicated the defendant. We held that the district court erred in concluding that the statement was one made by a co-conspirator in furtherance of a conspiracy. *United States v. Smith,* 520 F.2d 1245 (8th Cir. 1975). On retrial defendant was again convicted and sentenced to five years in prison.

Government agents on December 2, 1973, detained and searched the defendant and his wife upon their arrival at the Des Moines, Iowa, airport on a flight from California. Approximately 1.3 grams of heroin were found in the defendant's briefcase, and a second package containing approximately 120 grams was found in his wife's underclothing. She promptly insisted that it had been concealed there by her husband against her will. At trial she testified that her husband, after telling her to make the trip with him, "put this package in the lower part of [her] back." The defendant was convicted of constructively possessing the heroin concealed on his wife.

The defendant contends that his wife's testimony is inadmissible under the common law marital privilege and that his wife should not have been permitted to testify about what he alleges was a confidential communication between him and his wife. We hold that the privilege is inapplicable to her testimony and affirm the conviction.

The testimonial privilege asserted by the defendant in this federal criminal trial is governed by Rule 501 of the Federal Rules of Evidence which states in relevant part:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

*See also* Fed.R.Crim.P. 26, *as amended,* (1972).

As we recently recognized in *United States v. Allery,* 526 F.2d 1362 (8th Cir. 1975), only two of the three forms of the marital privilege recognized at common law are still observed by the federal courts. One is the prohibition against testimony concerning in-

---

1. The Honorable William C. Hanson, Chief Judge, United States District Court for the Southern District of Iowa.

2. At the time of the offense Mrs. Smith was married to the defendant. However, the couple was divorced prior to trial in the District Court.

tra-spousal confidential communications arising from the marital relationship; the other is the "anti-marital facts" privilege which allows one spouse to prevent the other from testifying adversely as a witness against his or her partner. *United States v. Allery, supra* at 1365.

Neither form of the privilege can be properly invoked in the instant case. The confidential marital communication aspect of the privilege is inapplicable for the reason that the defendant's act of secreting the heroin on his wife was not a communication. It was a gesture intended to make his wife an unwilling participant in the crime, not to communicate to her. It is well settled that the communications to which the privilege applies have been limited to utterances or expressions intended by one spouse to convey a message to the other. *Pereira v. United States,* 347 U.S. 1, 6, 74 S.Ct. 358, 361, 98 L.Ed. 435, 443 (1954); 8 J. Wigmore, *Evidence* § 2337 (McNaughton rev. 1961). The defendant's contention that the privilege extends to any acts done privately in the presence of the spouse and "secured as a result of the marital relation" is not well taken. Though the confidential communications privilege has been expanded to encompass more than mere conversations and writings, invocation of the privilege requires the presence of at least a gesture that is communicative or intended by one spouse to convey a message to the other. *United States v. Lewis,* 140 U.S. App.D.C. 40, 433 F.2d 1146, 1150 (1970). Extension of the privilege beyond acts intended as communications is unjustified. C. McCormick, *Evidence* § 79 at 164 (2d ed. 1972).

The "anti-marital facts" privilege is also inapplicable in the instant case for two reasons. First, this type of privilege does not survive a dissolution of the marriage by divorce prior to trial. *United States v. Fisher,* 518 F.2d 836, 838 (2d Cir.), *cert. denied,* 423 U.S. 1033, 96 S.Ct. 565, 46 L.Ed.2d 407 (1975). Second, this privilege is subject to the well-established exception that it cannot be invoked if an offense has been committed by the party against his spouse. *Wyatt v. United States,* 362 U.S. 525, 526, 80 S.Ct. 901, 902, 4 L.Ed.2d 931, 933 (1960); *United States v. Redstone,* 488 F.2d 300, 304 (8th Cir. 1973). We think that defendant's conduct in planting the heroin on his wife and subjecting her to a related, albeit unsuccessful, criminal prosecution constituted an offense against her, thus invoking the exception to the privilege. *Cf. Wyatt v. United States, supra ; United States v. Allery, supra* at 1365; *Shores v. United States,* 174 F.2d 838 (8th Cir. 1949).

The judgment of conviction is affirmed.