492

600 P.2d 1148

The STATE of Idaho,
Plaintiff-Respondent,

v.

James C. MOORE, Defendant-Appellant.

No. 11997.

Supreme Court of Idaho.

Oct. 2, 1979.

Charles F. McDevitt, William J. Pauzauskie, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

Before SHEPARD, BAKES, and BISTLINE, JJ., and MAYNARD and WALTERS, JJ., Pro Tem.

PER CURIAM:

The evidence introduced on behalf of the State shows that two correctional officers at the penitentiary observed defendant-appellant light an explosive device and throw it from his cell into a corridor near the two correctional officers. The device exploded and thereafter small nails and pieces of broken plastic were found near the spot where the explosion occurred.

Two witnesses, both inmates of the penitentiary and occupants of nearby cells, were called by defendant-appellant. Neither witness saw the bomb lit nor heard it explode.

Defendant-appellant urges that his witnesses were not able to express themselves as to what actually happened in the corridor, and that two other inmates of the penitentiary were not subpoenaed to testify in his behalf. He contends that one of the witnesses was not called for personal reasons of the defense attorney and not for reasons of the defendant-appellant. For these reasons, the ineffective assistance of counsel contributed to his conviction.

The burden of showing error on appeal is that of the defendant. *State v. Gowin*, 99 Idaho 195, 579 P.2d 672 (1978).

A defendant is not entitled to prevail on appeal on an ineffectiveness of counsel claim unless he shows that he was prejudiced by ineffective conduct of counsel of a nature which can be objectively determined from the record. *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975).

The Court will not attempt to second guess strategic and tactical choices of trial counsel. *State v. Perez*, 99 Idaho 181, 579 P.2d 127 (1978).

We affirm.