609 P.2d 1140

The STATE of Idaho, Plaintiff-Respondent,

v.

Craig A. McKENNEY, Defendant-Appellant.

Nos. 12531, 12962.

Supreme Court of Idaho.

April 21, 1980.

Klaus Wiebe, Boise, for defendant-appellant.

**150**

David H. Leroy, Atty. Gen., Lynn E. Thomas, John E. Sutton, Deputy Attys. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Defendant-appellant Craig A. McKenney was charged by information on June 21, 1976, with two counts of lewd and lascivious conduct with a minor under the age of sixteen years, in violation of I.C. § 18–6607. At a jury trial McKenney was found guilty and on February 14, 1977, was sentenced to five years imprisonment on each of the two counts, the sentences to run concurrently.

At trial the State called four witnesses, the two girls with whom the activity allegedly occurred, aged nine and fourteen, and their mothers. Their testimony was that McKenney lived with the mother of one of the girls, who at the time of the incidents was at work. The daughter and her nine year old visitor (whose mother is McKenney's ex-wife) were watching television in the living room of the family's mobile home when McKenney allegedly returned from work. According to the testimony of the girls, McKenney went to his bedroom and stayed there for some two hours after which he re-entered the living room. The girls testified that while in the living room he fondled their breasts, and then urged them to return to his bedroom with him. In the bedroom he encouraged the children to use a vibrator device on each other, and felt each of the children on various parts of their bodies. They also offered testimony from which it could be inferred that McKenney had had sexual intercourse with one of them.

The defense called only McKenney to the stand, who denied any involvement in the activity alleged by the girls.

After jury trial and conviction on the two charges of the information McKenney appealed to this court, and also filed an application for post-conviction relief. He also appealed from the subsequent denial of the application, and the two appeals are consolidated for consideration by this court.

Defendant first argues that the trial court erred in allowing one of the alleged victims, a nine-year-old, to testify. I.C. § 9–202 provides that persons under ten years of age who are not capable of receiving "just impressions" of pertinent facts may not testify. In this case, the trial court held a competency hearing outside the presence of the jury and determined that the nine-year-old and also the other victim, who at the time was eleven, were competent witnesses.

In *State v. Ross*, 92 Idaho 709, 449 P.2d 369 (1968), we adopted the following test for determining the competency of young persons to testify:

> " 'The true test of the competency of a young child as a witness consists of the following: (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.' " 92 Idaho at 712, 449 P.2d at 372.

Perhaps more critically for McKenney's argument in this case, we made it clear in *Ross* that whether a witness is fit to testify is for the trial court to determine, and that absent "proof of a manifest abuse of discretion," *Id.*, we will not disturb its decision. We thus approach this decision as we would a claim that insufficient evidence existed to support a fact-finding or jury verdict.

The testimony of this nine year old child reveals a fair measure of embarrassment and lack of poise. With respect to the sequence of events her testimony was at times vague. But she was unwavering in her testimony that the defendant took the alleged liberties with her and her friend, and this is the crucial primary and corroborating testimony which the state's case required. In light of our decision in *Ross* to

place primary responsibility for resolving the competency issue with the trial judge we cannot say as a matter of law that the decision that the nine year old's indecisiveness went to weight as opposed to admissibility was in error.

■ Defendant also alleges that the court erred in admitting the testimony of his "ex-wife" who was the mother of one of the girls with whom the lewd and lascivious acts allegedly occurred. I.C. § 19–3002 provides that husband and wife are not competent witnesses against each other, with certain exceptions not applicable to this case.[1] At times material to this action it read as follows:

> "Husband and wife as witnesses.—Neither husband nor wife are competent witnesses for or against each other in a criminal action or proceeding to which one or both are parties, except:
>
> 1. With the consent of both, or
> 2. In cases of criminal violence upon one by the other; or
> 3. In cases of desertion or nonsupport of wife or child by the husband."

Testimony in this matter established that prior to trial, but after the alleged events material to the charged crime had taken place, the marriage between the witness and defendant was terminated by annulment. That is, at the time the witness testified, the two were not husband and wife. The clear language of the statute is that its privilege applies only to husband and wife, and hence is not applicable in this case. *See* Cleary (ed.), McCormick on Evidence, § 66 at 145 (2d ed. 1972) ("[M]ost courts regard the . . . terminal date [of the privilege] as the date of termination of marriage, as by divorce"); 8 Wigmore, Evidence in Trials at Common Law, 240, (McNaughton Rev. 1961), (once the marriage has been terminated "there is no privilege to withhold the testimony of either . . . ."); *United States v. Smith*, 533 F.2d 1077 (8th Cir. 1976).

We note that competency of husband or wife to serve as witnesses against each other in criminal trials is an issue distinct from the privilege for marital *communications*, embodied in I.C. § 9–203. The communications privilege is not at issue in the instant case.[2]

■ Next, defendant argues that the trial court erred in refusing his offer of proof of the nine year old's prior sexual contact with her natural father. Defendant apparently argues that because his offer was to prove specific acts, the state's burden of proof and the necessity of direct corroboration would be enhanced. Defendant offers no authority to support his position and we have found none. We have previously held that the testimony of the prosecution's witnesses in a lewd and lascivious conduct case must be corroborated; *State v. Hall*, 95 Idaho 110, 504 P.2d 383 (1972); *State v. Ross*, 92 Idaho 709, 449 P.2d 369 (1968). But this requirement is independent of the state of the victim's chastity. We have also held in a lewd and lascivious case that proof of a victim's unchastity may not be used to impeach the victim's testimony. *State v. Hall, supra; State v. Tope*, 86 Idaho 462, 387 P.2d 888 (1963). The trial court correctly rejected defendant's offer of proof.

Finally, appellant claims that he was denied effective assistance of counsel at trial. This argument is made on appeal from the conviction and was also raised in the application for post-conviction relief and is renewed on the appeal from the denial of that application.

The argument on appeal from the conviction is based on trial counsel's failure to

---

1. I.C. § 19–3002 was amended by S.L.1979, Ch. 152, § 1, p. 467, to state that its disqualification is not applicable to testimony regarding "acts or attempted acts of lewd conduct with a minor child . . . ." We must resolve this issue by interpreting the statute as it was written at the time of trial.

2. *See also, Trammel v. United States*, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980), in which this distinction was noted and in which the Court restricted the reach of the interspousal disqualification in the federal courts.

**152**

object to the testimony of the ex-wife, and to make an offer of proof after the trial judge upheld the state's motion to refuse testimony of the girl's prior sexual contact with her father. In light of our holding above regarding testimony of the ex-wife, the claim clearly may not be based on this ground. In addition, the record demonstrates that the trial counsel in fact did make an offer of proof on the matter of the girl's sexual contact with her father and in any event it would not have been relevant. *State v. Hall, supra,* and *State v. Tope, supra.* The arguments raised on appeal from conviction are thus unavailing.

■ At the post-conviction relief proceeding appellant alleged numerous shortcomings of his trial counsel. Only four, however, are urged on this appeal. The burden rests on the defendant to "show by a preponderance of the evidence that he was denied the reasonably competent assistance of counsel." *State v. Tucker,* 97 Idaho 4, 12, 539 P.2d 556, 564 (1975).

■ Appellant first argues that his attorney only consulted with him for two hours prior to trial, and that this demonstrates a constitutionally deficient defense. All aside from whether we would hold as a matter of law that two hours of consultation was constitutionally deficient, there is considerable conflicting evidence in the record with respect to the actual time spent in consultation with the attorney. In its memorandum opinion, the lower court found that

> "[t]he record in this case completely fails to establish that petitioner's trial attorney did not spend sufficient time with petitioner to determine all relevant facts known to petitioner. I conclude, therefore, that this contention is not supported by the record and no inadequacy of representation is shown in this regard."

There is substantial and competent evidence to support the trial court's finding, and we will thus not disturb it on appeal.

■ Appellant also claims that his trial counsel erred in failing to call a particular witness who would testify that appellant had been interviewing for a new job prior to returning to the house trailer where the incidents allegedly occurred. The two girls had testified that appellant had been at work. Aside from the fact that this testimony, if established, would have had dubious impeachment value, trial counsel testified at the post-conviction relief hearing that the proposed witness had said in "no uncertain terms" that he would have nothing "nice to say" about appellant. That is, the decision not to call this witness is not the result of inadequate preparation or ignorance of the relevant law, but rather a tactical choice; and we have made it plain that such tactical choices are the province of trial counsel and, even if incorrect in retrospect, will not be grounds for reversal. *State v. Tucker, supra.*

■ The same is true with respect to appellant's claim that trial counsel erred in failing to further develop during cross examination of the mother of one of the girls that appellant had a continuing relationship with the mother and indeed continued to live with her during the trial. The matter was brought out on cross examination and was also argued briefly to the jury, and we agree with the trial court in this matter that there has been no showing that the lack of further pursuit on cross examination or closing argument suggests a constitutionally deficient defense.

■ Finally, appellant points to the fact that the girls involved in the activity offered testimony from which it could be inferred that McKenney had achieved sexual intercourse with one of them; but that when the girl was examined by a doctor some two weeks after the alleged incident, her "hymenal ring" was found "intact." Appellant argued that this created a conflict between the doctor's report and the victim's testimony with respect to whether or not intercourse occurred, that it should have been called to the attention of the jury for impeachment purposes, and that the failure to do so suggests ineffective assist-

ance of counsel. We believe Judge Durtschi's well-reasoned opinion below correctly resolves this issue.

The impeachment value of establishing that only an attempted as opposed to an actual penetration had occurred is dubious. To reverse the conviction on this ground would put us in the position of second guessing strategic and tactical choices made by trial counsel, which is, again, forbidden by our decision in *Tucker, supra.*

The judgment of conviction and the denial of the application for post-conviction relief is affirmed.

DONALDSON, C. J., and SHEPARD, BAKES and BISTLINE, JJ., concur.