673 P.2d 444

**William Douglas REEVES, Petitioner-Appellant,**

v.

**STATE of Idaho, Defendant-Respondent.**

No. 15153.

Court of Appeals of Idaho.

Dec. 8, 1983.

David Z. Nevin, Chief Appellate Deputy, Ada County Public Defender, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Lance D. Churchill, Deputy Atty. Gen., Boise, for defendant-respondent.

BURNETT, Judge.

William Reeves has appealed from the denial of an application for post-conviction relief. His application embraced numerous claims, including a contention that he had not received effective assistance of counsel when he pled guilty to a charge of robbery. The plea resulted in conviction and imposition of a ten-year indeterminate sentence. Following an evidentiary hearing, Reeves' application was denied. We affirm.

## I

The sole issue on appeal is whether the district court erred in deciding that Reeves had not been denied his right to effective assistance of counsel. Our review of this issue is governed by three general standards. First, a post-conviction applicant has the burden of proving the grounds upon which he seeks relief. *E.g., Tramel v. State,* 92 Idaho 643, 448 P.2d 649 (1968). Second, because post-conviction relief proceedings are civil in nature, we will not disturb a judge's finding of fact unless it is clearly erroneous. I.R.C.P. 52(a). Third, a contention that effective assistance of counsel had been denied will be measured against the standard that an accused person is constitutionally entitled to the "reasonably competent assistance of a diligent, conscientious advocate." *State v. Tucker,* 97 Idaho 4, 8, 539 P.2d 556, 560 (1975). *Accord State v. Elisondo,* 97 Idaho 425, 546 P.2d 380 (1976). *See generally* Finer, *Ineffective Assistance of Counsel,* 58 CORNELL L.REV. 1077 (1973).

Reeves' challenge to the effectiveness of counsel is framed by the following facts. Reeves originally was charged with robbery and grand larceny. The prosecutor alleged that Reeves, at knifepoint, had robbed a victim of personal jewelry, a wallet, a checkbook, and car keys. Reeves and an accomplice then allegedly used the keys to steal the victim's automobile. While these charges were pending, Reeves informed his attorney that the encounter with the victim had originated with an incident of consensual homosexual contact between the victim and the accomplice. The victim had not previously reported this information to the police. Reeves' attorney took the information to the prosecutor who, upon further inquiry, accepted it as being true.

Plea negotiations ensued. In light of possible embarrassment to the victim at a trial, the prosecutor agreed that in return for a plea of guilty to robbery, he would dismiss the grand larceny charge and limit his sentencing recommendation to an indeterminate period of ten years. Reeves accepted the bargain and entered his plea. The plea

was accepted by the district court after a thorough inquiry into its voluntariness, its factual basis, the surrounding circumstances, and Reeves' full understanding of the consequences.

## II

■ Reeves, who is now represented by other counsel, attacks the adequacy of representation by his former attorney on two fronts. First, Reeves contends that his attorney had a conflict of interest. Second, Reeves contends that he did not receive much of a bargain for his decision to enter a plea of guilty. We will examine these contentions in turn.

### A

The suggestion of conflicting interests arises from Reeves' impression that there was a "cover-up" of facts relating to the homosexual contact. Reeves invites attention to the fact that his attorney was acquainted with the victim and, at one time, had been employed by the victim's brother. However, at the evidentiary hearing on Reeves' application, the former attorney testified only that he may have met the victim "in passing at a . . . cocktail party or something." He stated that the victim was not a friend, but just an acquaintance. As to his prior employment with the victim's brother, the attorney testified that he had left that job because their relationship was "strained." It appears undisputed in the record that these relationships were disclosed to Reeves while the plea negotiations were being conducted.

The district judge who conducted the post-conviction hearing did not make a specific finding about a "cover-up," but he did find that Reeves had been "very aptly represented" by his attorney. The judge implicitly found that the attorney had not acted improperly in representing Reeves. This implicit finding is supported by the record and will not be disturbed.

### B

■ Reeves also contends that he was denied effective assistance of counsel because either he should have received a better plea bargain or he should not have pled guilty. This contention is the inverse of a proper allegation of ineffective assistance. A post-conviction applicant is required to show counsel's ineffectiveness and then to establish, by a preponderance of the evidence, that he was prejudiced by such ineffectiveness. See, e.g., State v. McKenney, 101 Idaho 149, 609 P.2d 1140 (1980); State v. Moore, 100 Idaho 492, 600 P.2d 1148 (1979). Here Reeves alleges prejudice—a bad plea bargain—and urges an inference that the attorney's services were ineffective. This form of attack is logically flawed.

■ In any event, the record does not support the contention of a bad bargain. We have noted that, in return for his plea of guilty to robbery, Reeves obtained dismissal of a grand larceny charge and secured a prosecutor's sentencing recommendation limited to a ten-year indeterminate period. Reeves now suggests that the grand larceny charge was subsumed by the robbery charge and later would have been dismissed anyway. The record before us does not include the original charging document. Consequently, we are not informed of the specific conduct alleged for each charge. It is an appellant's duty to furnish the record upon which his assertions can be examined. E.g., State v. Wolf, 102 Idaho 789, 640 P.2d 1190 (Ct.App.1982). We note that taking the automobile was an act separate from, although related to, the taking of personal effects at knifepoint. Therefore, we cannot presume, on this record, that the charge of grand larceny was mere surplusage.

Neither does the sentence imply a bad bargain. The maximum authorized punishment for robbery is life imprisonment. I.C. § 18–6503. Reeves conceded in testimony at the post-conviction hearing that he had committed a "violent armed robbery." The record discloses that Reeves had a substantial prior criminal record. By the age of twenty-three, when he was sentenced, Reeves had established a pattern of drug

use, including heroin. He had been confined by California authorities while a juvenile. As an adult he had committed a burglary for which he was still on probation when he committed the robbery at issue here. The pre-sentence report stated that he was a "risk to society" and had a "potential for violence." Upon these facts it is clear that the prosecutor well could have sought a stiffer penalty than a ten-year indeterminate sentence, absent the plea bargain.

The district judge in the post-conviction proceeding implicitly determined that Reeves' counsel had not misadvised him as to the plea bargain. The record supports such a finding. The record also shows that Reeves' attorney did not rest after the bargain had been struck. At a sentencing hearing he argued vigorously, albeit unsuccessfully, for a sentence even more lenient than that recommended by the prosecutor. We conclude that the record reflects the "reasonably competent assistance of a diligent, conscientious advocate." *State v. Tucker, supra.* The district court correctly concluded that Reeves had not shown grounds for relief from the conviction entered upon his guilty plea.

The order denying post-conviction relief is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.