690 P.2d 360

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Tony RENDON, Defendant-Appellant.**

**No. 14623.**

Court of Appeals of Idaho.

Oct. 19, 1984.

Steven Ross, Gara Louise Newman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Neil Tillquist, Myrna A.I. Stah-

man, Deputy Attys. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

A jury has found Tony Rendon guilty of burglarizing a gun shop in Burley, Idaho. On appeal he claims that he was denied the effective assistance of counsel. We affirm the judgment of conviction.

Before addressing Rendon's claim on its merits, we note that he has elected to raise it by direct appeal from the judgment rather than by seeking post-conviction relief. Our Supreme Court has noted that effectiveness of counsel is not a subject ordinarily well suited to a direct appeal. *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). We reiterate that admonition today. Nevertheless, this appeal must be decided and we will examine the issues presented.

The right to counsel, as provided in the sixth amendment to the United States Constitution, and article I, § 13, of the Idaho Constitution, contemplates the reasonably competent assistance of a diligent, conscientious advocate. *State v. McCabe*, 101 Idaho 727, 620 P.2d 300 (1980); *Reeves v. State*, 105 Idaho 844, 673 P.2d 444 (Ct. App.1983). In this case Rendon's appellate brief identifies two issues relating to effectiveness of counsel. First, Rendon asserts that trial counsel (an attorney different from his counsel on appeal) mounted an insufficient attack upon circumstantial evidence used by the prosecutor to establish that Rendon had entered the gun shop by force. Entry by force was urged to support an inference that Rendon had intended to commit a theft in the gun shop—thus satisfying the specific intent requirement of I.C. § 18–1401. Second, Rendon asserts that trial counsel failed to object to an erroneous jury instruction regarding specific intent. Our opinion today is confined to these issues.

With respect to the issue of forced entry, the evidence showed that Burley police officers responded immediately to a silent alarm at the gun shop after business hours. They found a glass door to the shop broken, apparently by a steel tire rim that had been hurled through it. They also found Rendon crouched inside the store. Rendon's attorney attempted to cast doubt on whether Rendon was the person who broke the glass door. By cross-examining the state's witnesses, counsel showed that although the tire rim was dirty, greasy and rusty, a pair of gloves Rendon had worn that night appeared not to be unusually dirty or greasy. Counsel showed that no metal tracings had been found on the gloves. Counsel obtained from the store owner a concession that he was unsure whether breaking the door with the tire rim would trigger the alarm unless a person entered the premises.

The attorney also presented a defense of intoxication. He endeavored to show that Rendon's intoxication would have interfered with formation of a specific intent to steal anything from the gun shop. Counsel established that Rendon had been drinking, that he was not found with stolen merchandise on his person, and that merchandise in the store had not been moved when the police arrived. Despite counsel's efforts, the jury voted to convict.

Rendon now claims that his attorney should have done more. He contends that counsel should have pointed to testimony, adduced at a preliminary hearing, that the alarm would be activated only if a person— or object of bulk—intruded some ten feet into the store. Rendon further contends that counsel should have queried in greater detail at trial, or should have investigated before trial, the circumstances under which metal tracings could be found on gloves.

We find these contentions unpersuasive. Regarding the alarm, the testimony at the preliminary hearing and the testimony at trial both established the same possibility— that throwing a tire rim through the door might not have triggered the alarm. The fact that counsel established this point directly through a concession by the store owner, rather than indirectly through an inference from specific evidence about the alarm's characteristics, does not raise a

genuine question concerning the effectiveness of counsel.

 Neither has Rendon raised a genuine question regarding metal tracings. Trial counsel put before the jury the fact that no metal tracings were found on Rendon's gloves. Rendon does not tell us what he believes a further inquiry or investigation on this subject would have disclosed. Neither does he tell us how it would have strengthened his defense. He simply asserts that such an inquiry or investigation should have been undertaken. This is not enough. Bare assertions and speculation, unsupported by specific facts, do not suffice to show ineffective counsel. *E.g., Daugherty v. State*, 102 Idaho 782, 640 P.2d 1183 (Ct.App.1982).

Rendon's second issue is whether he was deprived of reasonably effective counsel through his attorney's failure to object to a jury instruction regarding specific intent. The instruction, tailored to the specific circumstances of this case, stated:

> One of the material allegations in this case is that in entering the [gun shop], the defendant intended to commit theft. Intent is a state of mind meaning the purpose or design with which an act is done or attempted. It is the opposite of unintentional, or inadvertent, mistaken or accidental....

Rendon urges that this language was ambiguous, requiring the jury on one hand to find intent but allowing the jury, on the other hand, to assume that such intent existed unless it were shown that the entry was "inadvertent, mistaken or accidental." We disagree. The negative pregnant that Rendon reads into the last quoted sentence does not, in our view, distort the meaning of the instruction as a whole. Moreover, our Supreme Court has held a similar jury instruction to be free from error. *See State v. Gailey*, 69 Idaho 146, 204 P.2d 254 (1949). The instruction, while not beyond improvement, contained no fatal defect. Even if counsel had objected, the trial court would not have erred by giving the instruction.

Our Supreme Court has stated that "[n]o standard of trial court competency requires counsel to make needless objections only to have his objections overruled." *State v. Perez*, 99 Idaho 181, 185, 579 P.2d 127, 131 (1978), *quoting State v. Morris*, 97 Idaho 420, 423, 546 P.2d 375, 378 (1976). Consequently, we hold that failure to object to the instruction in this case did not constitute a denial of reasonably effective counsel.

We conclude that Rendon has failed in this appeal to show an abridgement of his constitutional right to counsel. The judgment of conviction is affirmed.