# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46415

NICOLAS CAMARGO, JR.,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: August 8, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Nicolas Camargo, Jr. appeals from the district court's judgment dismissing his petition for post-conviction relief. Camargo argues that the district court erred in summarily dismissing his petition because he presented genuine issues of material fact as to one of his ineffective assistance of trial counsel claims. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2016, pursuant to a plea agreement, Camargo pled guilty to felony operating a vehicle without the owner's consent, Idaho Code § 49-227. The district court imposed a unified term of three and one-half years with one and one-half years determinate. Thereafter, Camargo filed an Idaho Criminal Rule 35 motion asking the court to retain jurisdiction. The district court

1

denied the motion. Camargo filed a direct appeal challenging the denial of his Rule 35 motion and his sentence. However, pursuant to a motion by Camargo, his appeal was dismissed.

In November 2016, Camargo filed a verified pro se petition for post-conviction relief and an affidavit in support of his petition. The State responded with an answer. Camargo was appointed post-conviction counsel. Thereafter, the district court filed a notice of intent to dismiss the case for inactivity and the parties stipulated to a continuance of the dismissal. Through post-conviction counsel, Camargo filed a first amended verified petition for post-conviction relief. As relevant to his claim on appeal, Camargo alleged that his trial counsel was ineffective for failing to file a motion to suppress statements that Camargo made after waiving his *Miranda*[1] rights. In response, the State filed a motion for summary dismissal and an answer to Camargo's amended petition. Thereafter, the district court filed a second notice of intent to dismiss Camargo's claim. Following a hearing on the district court's second notice of intent to dismiss, the district court entered an order dismissing Camargo's petition for the reasons set forth in the notice and a final judgment dismissing the case with prejudice. Camargo timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Camargo asserts the district court erred by summarily dismissing his petition for post-conviction relief because he raised genuine issues of material fact on whether he received ineffective assistance of counsel. The State asserts the district court did not err in dismissing Camargo's petition for post-conviction relief. We agree with the State.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).

In his post-conviction petition, Camargo alleged that his trial counsel was ineffective for failing to file a motion to suppress his post-*Miranda* statements. The Idaho Supreme Court has recently outlined a two-part inquiry for determining whether the failure to file a motion to suppress satisfies *Strickland*'s deficiency prong. First, the threshold issue is "whether the motion, if filed, should have been granted." *Wurdemann v. State*, 161 Idaho 713, 717, 390 P.3d 439, 443 (2017) (quoting *State v. Dunlap*, 155 Idaho 345, 385, 313 P.3d 1, 41 (2013)). A motion that would not have been granted by the trial court ends the inquiry, as counsel's conduct cannot have fallen below a reasonable standard for failing to object to admissible evidence.

4

*Payne*, 146 Idaho 548, 562, 199 P.3d 123, 137 (2008). Second, if the motion would have been granted, "the petitioner is still required to overcome the presumption that the decision not to file the motion 'was within the wide range of permissible discretion and trial strategy.'" *Wurdemann*, 161 Idaho at 71, 390 P.3d at 443 (quoting *Estrada v. State*, 143 Idaho 558, 561, 149 P.3d 833, 836 (2006)).

Camargo contended below, as he does on appeal, that he did not provide a knowing, voluntary, and intelligent *Miranda* waiver because he was intoxicated from daily methamphetamine and heroin use. Camargo repeated this assertion in the affidavit that he filed in support of his petition. Based on his petition and affidavit, he claims that his counsel's failure to move to suppress confessions made after he waived *Miranda* fell below an objective standard of reasonableness, and if counsel had moved to suppress the statements, the outcome would have been different. The district court found that Camargo's allegation was belied by the record.

We conclude that the district court did not err in summarily dismissing Camargo's post-conviction petition because (1) his allegation is bare and conclusory, and (2) he failed to present evidence making a prima facie showing as to each essential element of the claim.

First, Camargo's allegation is bare and conclusory. Although Camargo made the assertion that he was too intoxicated to provide a knowing and voluntary *Miranda* waiver in his verified petition and then alleged the same in an affidavit, he has failed to support this assertion with admissible evidence. Idaho Code § 19-4903 specifies:

> Facts within the personal knowledge of the applicant shall be set forth separately from other allegations of facts and shall be verified as provided in section 19-4902. Affidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached.

Thus, petitions for post-conviction relief require more than a verified petition alleging facts within the personal knowledge of the petitioner and an affidavit from the petitioner alleging those same facts. I.C. § 19-4903. Evidence supporting, not reiterating, the petitioner's allegations must be attached. *Id*. Camargo has failed to meet the required standard. While his affidavit is evidence of intoxication, it does not, by itself, present a genuine issue of material fact that his statements were unknowing or involuntary. He has not supported the conclusory allegation in his verified petition with specific facts demonstrating that his trial counsel's performance was deficient or that he was prejudiced by counsel's decisions. Because bare assertions and speculation, unsupported by specific facts, do not suffice to show ineffectiveness

of counsel and do not entitle a post-conviction applicant to an evidentiary hearing, the district court did not err in dismissing Camargo's petition. *State v. Rendon*, 107 Idaho 425, 427, 690 P.2d 360, 362 (Ct. App. 1984).

Second, Camargo failed to present evidence making a prima facie showing as to each essential element of the claim. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281. A party claiming ineffective assistance of counsel for failure to file a motion must present facts sufficient to overcome the presumption that the decision not to file the motion "was within the wide range of permissible discretion and trial strategy." *Wurdemann*, 161 Idaho at 718, 390 P.3d at 444. However, Camargo does not mention the presumption below or allege any facts supporting an argument to overcome the presumption that his trial counsel's decision not to file the motion was within the wide range of permissible discretion and trial strategy. Therefore, this argument is not preserved for appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).[2] Thus, Camargo failed to make a prima facie case as to each essential element of the ineffective assistance of counsel claim. *See Black*, 165 Idaho at 100, 439 P.3d at 1279; *see also Wurdemann*, 161 Idaho at 718, 390 P.3d at 444.

## IV.

## CONCLUSION

The district court did not err in summarily dismissing Camargo's petition for post-conviction relief. Therefore, the judgment of the district court summarily dismissing Camargo's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[2] Moreover, the district court noted that given the existing case law and the lack of any evidence beyond intoxication, it could only conclude that any decision not to file the motion must be tactical.